CASE 91—INDICTMENT—SEPTEMBER 17, 1881.

## The Commonwealth v. Miller.

### APPEAL FROM CALLOWAY CIRCUIT COURT.

It is no objection to an indictment that the time of committing an offense is laid on the same day it is presented to the court and filed, provided it alleges that the offense was committed before the time of finding it.

P. W. HARDIN, ATTORNEY GENERAL, AND C. H. THOMAS, COMMONWEALTH'S ATTORNEY, FOR APPELLANT.

1. The indictment is sufficient.

2. The statement of the indictment as to the time at which the offense was committed is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense. (Crim. Code, sec. 129; *Ib.*, 136, 137; Wharton's Am. Crim. Law, vol. 1, 261; 5 Howard

---

The Commonwealth v. Miller.

(Miss.), 14; 4 Dana, 496; 9 Cowen, 660; Chitty's Crim Law, 117,. 557, 173; 15 Vermont, 291; Thacher's Cr. Ca., 147; 3 McLean, 89;. 3 Hawkins, 384; 5 S. & R., 316; 4 Reading, 52; 1 Gray, 483; 4 Cranch's C. C. R., 104; 10 Cush., 69; 18 Ark., 363; 5 Cal., 355; 2 Metcalfe, 374; *Ib.*, 8; 3 *Ib.*, 484; 1 Bush, 40; Kriel v. Commonwealth, 5 *Ib.*, 375; 3 Met., 5; *Ib.*, 407; 1 Duv., 90; 9 Bush, 178; 7 B. Mon., 1; 2 Yerger, 233; 3 J. J. Mar., 133–4; 7 Bush, 741; 1 Met.,. 368; 14 Bush, 530; K. L. R., March, 1881, 211; 18 B. Mon., 293; 1 Swain 413; People v. Ball, Barbour, 324.)

DIUGUID & REED for appellee.

The indictment is insufficient. It is. necessary to aver that the commission of the offense was on some day before the day on which it is presented to the court. (Wharton's Crim. Law, secs. 261, 262;. Joel v. State, 28 Texas Rep.; Waterman's U. S. Crim. Dig., 333; sec.. 129, Crim. Code; Commonwealth v. Jones, 1 Bush, 40; sec. 128,. Myers' Crim. Code; State v. Slack, 30 Texas; 1 Chitty's Pleadings,. title "Time.")

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The only question in this case is, whether the demurrer to· the indictment was properly sustained.

The defendant is charged with having committed the· offense upon the same day that the indictment was presented to the court by the foreman of the grand jury and filed, viz: on the 24th of November, 1880.

The commission of the offense is charged as follows: "The said J. A. Miller did, on the 24th day of November, 1880, in the county aforesaid, carry concealed on and about his person a pistol, the same being a deadly weapon,'" &c.

Section 129, Criminal Code, is as follows: "The statement in the indictment as to the time at which the offense was committed is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

Whatever may have been the rule before the adoption of the Criminal Code, it is now no objection to an indictment that the time of committing an offense is laid on the same day the indictment is presented to the court and filed, provided the offense is alleged to have been committed before the *time* of finding the indictment.

Although it would have been better and more accurate to have stated in express terms that the offense was committed before the finding of the indictment, the words used clearly imply such to have been the fact.

The allegation that the defendant did, on the 24th of November, 1880, carry concealed a deadly weapon, necessarily means that at the time the indictment was found the offense had already been committed.

The court below erred in sustaining the demurrer to the indictment.

Wherefore, the judgment is reversed, and cause remanded with directions to overrule the demurrer, and for further proceedings consistent with this opinion.