## DeBoe v. Commonwealth.

(Decided February 7, 1912.)

### Appeal from McCracken Circuit Court.

1. House Burning—Accessory Before the Fact.—An indictment for being accessory before the fact to the offense of burning a storehouse is sufficient although in naming the offense it uses the word "arson," the other words used being sufficient to apprise the defendant what was meant.

2. Unsupported Testimony of an Accomplice.—An accessory cannot be convicted on the unsupported testimony of an accomplice, and the corroboration is not sufficient if it merely shows that the accomplice committed the offense and does not connect the defendant with it.

D. A. BROWNING, REED & ALEXANDER and SAMUEL H. CROSSLAND for appellants.

JAMES GARNETT, Attorney General, JAMES D. BLACK, Assistant Attorney General for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

R. H. DeBoe was indicted in the McCracken Circuit Court for the offense of being accessory before the fact to the felonious burning of a storehouse in Paducah. He demurred to the indictment, his demurrer was overruled. The case was heard before a jury who found him guilty as charged. The court sentenced him to confinement in the penitentiary, from two to six years; and he appeals.

In the indictment the defendant is accused of "the

offense of being an accessary before the fact to the offense of feloniously, willfully and maliciously committing arson by setting fire to and burning the storehouse of Herman Friedman,'' etc.   It is said that burning the store house was not arson and that the defendant is accused of being accessory before the fact to arson. But the meaning of the charge as a whole is clear.   He is accused of being an accessory before the fact to the felonious burning of the storehouse and that this is called arson does not affect the sufficiency of the indictment.   The facts are shown.   The error of law does not vitiate the rest of the charge.   The indictment sets out fully all the facts as to the commission of the offense and the defendant could not be misled by it when read as a whole.

Section 241 of the Criminal Code is as follows:

''A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission. of the offense and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.''

The Commonwealth introduced as a witness on the trial Butler Fondow, who testified in substance that the defendant agreed to pay him and George Overstreet each $10 to burn the storehouse and that pursuant to their agreement with him they set it afire and burned it.   Two other witnesses were introduced who proved in substance that Overstreet, Fondow and Hal Wallace set the house on fire.   The only other witness for the Commonwealth was Wm. Griffin, a watchman at a factory on the opposite side of the street, who said DeBoe was at his place between 11 and 12 o'clock on the night of the fire and that at 12:30 he called up DeBoe's house and told him the store was afire and DeBoe said he didn't believe it, or wouldn't believe it; that he was asleep.

There is nothing in this evidence connecting DeBoe with the fire except the testimony of the accomplice, Fondow.   The witness, Griffin, said it was not unusual for DeBoe to come to his place and there was nothing in what DeBoe said over the phone that can be regarded as corroborating the testimony of Fondow.   It is a wise rule based on experience which forbids a conviction on the uncorroborated testimony of an accomplice and

where as here the testimony is not supported by other evidence connecting the defendant with the offense, the court should instruct the jury peremptorily to find the defendant not guilty. (Miller v. Com. 78 Ky., 15; Lane v. Com. 134 Ky., 519).

If on another trial there should be evidence sufficient to take the case to the jury, the court will allow the defendant to testify to what passed between him and R. L. Peacher about the rent and will also allow Peacher to testify to this conversation, as the fact offered to be proved would tend, if true, to show the defendant had no motive for burning the store; but the testimony should be confined to what was said. Evidence should not be admitted as to what Peacher intended or as to what he understood.

If on another trial evidence is introduced in rebuttal attacking the defendant's general moral character, the court will admonish the jury that they will consider this evidence only as to his credibility as a witness.

Judgment reversed and cause remanded for further proceedings consistent herewith.