## Newton v. Commonwealth.

(Decided February 3, 1928.)

### Appeal from McCracken Circuit Court.

1. Criminal Law.—A person charged with crime may be convicted on circumstantial evidence.
2. Criminal Law.—Where evidence in criminal prosecution is wholly circumstantial, every reasonable inference from whole evidence must be consistent with defendant's guilt, and inconsistent with his innocence, in order to sustain conviction.
3. Larceny.—Circumstantial evidence held sufficient to sustain conviction, under Kentucky Stats., sec. 1201c, of stealing chickens.

CROSSLAND & CROSSLAND for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Joe Newton, was tried in the McCracken circuit court on an indictment charging him with stealing chickens of the value of $2 or more, a crime denounced by section 1201c, Kentucky Statutes. He was convicted, and his punishment fixed at confinement in the penitentiary for a period of one year. The only ground urged on this appeal for a reversal of the judgment is that the verdict is flagrantly against the evidence.

Early in the morning of October 6, 1926, Mrs. Tony Cope discovered that a number of her chickens had disappeared during the preceding night from a chicken house located in the yard near her dwelling. The ground was covered with snow, and tracks of two persons were

seen leading to and away from the chicken house. Mrs.
Cope, her son, and a nephew followed the tracks, which
led in the direction of the home of appellant, who lived
one-half mile from the Cope home. Mrs. Cope followed
the tracks to a point 100 yards from appellant's home,
and her son and nephew followed them to a point suf-
ficiently near to enable them to observe that they led to
his house. About 7 o'clock on the same morning, appel-
lant and his son were observed carrying sacks from a
barn to an automobile owned by appellant. Shortly
thereafter he and his son left in the automobile. The
sheriff was notified, and he met the car on the road and
turned and followed it to town. Appellant and his son
drove directly to a poultry house. When the sheriff
arrived, the appellant was in the poultry house and his
son was in the car, which was parked on the side of the
street. In the car were sacks containing chickens. The
sheriff informed the appellant of the charge against him,
and started with him to the courthouse. He directed
appellant's son to drive the car containing the chickens
to the courthouse, but the son neglected to follow his
direction and he and the chickens disappeared. The final
destination of the latter has never been disclosed. When
he arrived at the courthouse, the sheriff informed the
appellant that he had no warrant, but that he would go
in and have one prepared. After he had taken a few
steps, he turned and saw appellant running. He pursued
him through an alley, but appellant scaled a wall 8 feet
high and escaped.

The foregoing is in substance the evidence for the
commonwealth. The appellant did not testify, nor were
any witnesses introduced in his behalf. It is his conten-
tion that the chickens found in his possession were not
identified as the chickens stolen from Mrs. Cope, nor
were the tracks referred to identified as having been made
by him, and that the circumstantial evidence introduced
by the commonwealth was not sufficient to authorize his
conviction.

That a person charged with a crime may be convicted
upon circumstantial evidence is too well established to
require the citation of authorities. It is true that, where
the evidence is wholly circumstantial, every reasonable
inference from the whole evidence must be consistent
with the defendant's guilt, and inconsistent with his in-
nocence, in order to sustain a conviction, and, while

circumstantial evidence must go beyond mere suspicion and conjecture, the proven facts in this case do more than merely cast suspicion upon the appellant; they point unerringly to his guilt, and are altogether irreconcilable with any other rational hypothesis. Any one of the enumerated circumstances, standing alone, might be insufficient to sustain a conviction, but, taken as a whole, they present a strong chain of circumstances wholly consistent with appellant's guilt and inconsistent with his innocence.

We are of the opinion that the evidence amply sustains the verdict, and the judgment is affirmed.