## Gregory v. Commonwealth.
### (Two Cases)

(Decided November 30, 1928.)

Appeals from Laurel Circuit Court.

1. Indictment and Information.—It is essential that accusatory and descriptive part of indictment cover same offense.
2. Insurrection and Sedition.—Offense set out in Acts 1920, c. 100, sec. 7 (Ky. Stats., sec. 1148a-7), making it unlawful to obstruct or intimidate officer in matter of his official action or in discharge of his duty is not offense of "sedition" as defined by section 2 (section 1148a-2).
3. Indictment and Information.—Where accusatory part of indictment charged defendants with crime of sedition, under Acts 1920, c. 100, sec. 2 (Ky. Stats., sec. 1148a-2), but descriptive part of

indictment set out offense of hindering, obstructing, and intimidating sheriff in matter of his official action, and in discharge of his official duty, by preventing him from arresting one of defendants, which offense is denounced by section 7 (section 1148a-7) accusatory and descriptive part of indictment did not cover same offense and court erred in not sustaining demurrers.

REAMS & JOHNSON and RAY C. LEWIS for appellants.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

These two cases were tried separately in the court below, but, as they turn in this court on the same point, they will be disposed of by one opinion.

The appellants were jointly indicted for the crime of "sedition." Each demurred to the indictment, and the demurrer was in each instance overruled. On their trials each was found guilty. Gilbert Gregory was sentenced to serve three years in the penitentiary, and Tom Gregory to serve ten years. Although numerous questions are raised in the cases, yet, as we are of opinion that the demurrers to the indictment should have been sustained, we will confine ourselves to this question alone.

The indictment reads:

"The grand jury of Laurel county, in the name and by the authority of the commonwealth of Kentucky, accuse Thomas Gregory and Gilbert Gregory of the crime of sedition committed in manner and form as follows, viz.: The said Thomas Gregory and Gilbert Gregory did on the 23rd day of February, 1927, in the county, circuit and state aforesaid, and before the finding of the indictment herein, unlawfully, willfully and feloniously and by force and threats and violence alarm, disturb, hinder, obstruct and intimidate, and attempt to alarm, disturb, hinder, obstruct and intimidate Warren Scoville, the duly elected, qualified and acting sheriff of Laurel county, Kentucky, in the matter of his official action and in the discharge of his official duty by preventing the said Scoville, sheriff, in the manner as aforesaid from arresting the said Thomas Gregory, for whom the said Scoville, sheriff, then and there had in

his hands for execution warrants from the Laurel circuit court upon charges for violation of the criminal and penal laws of said state in said county, against the peace and dignity of the commonwealth of Kentucky."

Section 2 of Chapter 100 of the Acts of 1920, now section 1148a-2 of the Statutes, defines sedition as:

"The advocacy or suggestion by word, act, deed or writing of public disorder or resistance to the government of the United States or of the commonwealth of Kentucky, or of the Constitution or laws of either of them, or of the change or modification of the government of the United States, or of the commonwealth of Kentucky, or of the Constitution or laws of either of them, by force or violence or by means other than by lawful means provided by the Constitution and laws of the United States and of the commonwealth of Kentucky for such purpose."

Section 3 of the act provides for the punishment for the crime of sedition. Section 7 of the act makes it unlawful, among other things, for any one by violence, force, or threats to alarm, disturb, hinder, obstruct, or intimidate any officer of the commonwealth in the matter of his official action or in the discharge of his duty, or to attempt to do so. This section also provides for the punishment for this offense, which is the same as that provided for the crime of sedition.

In the accusatory part of the indictment here in question, the appellants are accused of the crime of "sedition." The descriptive part of the indictment sets out the offense denounced by section 7 of the act. It is essential that the accusatory and the descriptive part of an indictment cover the same offense. In the case of Deaton v. Commonwealth, 220 Ky. 343, 295 S. W. 167, we said that:

"A good statement of the offense in the descriptive part of the indictment will not supply the failure to name the offense in the accusatory part of the indictment, and, vice versa, a correct naming of the offense in the accusatory part of the indictment will not supply a defective statement of the acts constituting the offense in its descriptive part."

That opinion contains an elaborate discussion of the reasons supporting the rule, and a collection of the authorities applying it. We are of opinion that the offense set out in section 7 of the act, and which is set out in the descriptive part of this indictment, is not the offense of sedition as defined by section 2 of the act, this being the crime charged in the accusatory part of the indictment. The crime of sedition is defined to be the advocacy or suggestion in the manner indicated of public disorder or resistance to the government of the United States or of this commonwealth, or of a change in the government by force or violence or means other than those lawfully provided for that purpose. The crime denounced by section 7 of the act and the one here involved is the interference by violence, force, intimidation, or threats with an officer in the discharge of his duties as such. To disturb, hinder, obstruct, or intimidate an officer in the discharge of his duties, without more, falls far short of the advocacy by word, act, deed, or writing of public disorder or resistance to the government of the commonwealth. Further, the Legislature did not intend the two offenses to be identical. If the offense described in the descriptive part of the indictment here in question was meant to be included under the definition given to the crime of sedition as set out in the second section of the act, it would not have been necessary for the Legislature to have set it up again in section 7 of the act, nor would it have been necessary for the Legislature in this section 7, after describing the offenses therein set out, to have provided specially for their punishment, if such offenses were meant to be included in the offense of sedition, since the punishment for this latter offense had already been prescribed. It is true that the punishment for both offenses is the same, but that is fortuitous.

It results, therefore, as the accusatory and descriptive parts of the indictment here involved do not·cover the same offense, the lower court erred in not sustaining the demurrers to it. The judgment in each case is reversed, with instructions to sustain the demurrer, and for other proceedings not inconsistent with this opinion.