# Privett v. Commonwealth.

(Decided March 18, 1930.)

H. M. CLINE for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

472

The appellant, T. Privett, was indicted by the grand jury of McCreary county, and at his trial thereunder he was convicted of an offense denounced in section 1168 of our present Statutes as amended by chapter 40, page 172, of the Session Acts of 1928, i. e., of "unlawfully, willfully and maliciously setting fire to and burning the storehouse of the Stearns Coal and Lumber Company." The verdict punished appellant by confinement in the penitentiary for a term of three years, and after his motion for a new trial was overruled he prosecutes this appeal, and through his counsel urges three grounds for reversal, which are: (1) The insufficiency of the indictment, and error of the court in overruling the demurrer filed thereto; (2) the insufficiency of the evidence apart from the testimony of an accomplice to authorize a submission of defendant's guilt to the jury and by reason thereof his motion for a peremptory instruction of acquittal should have been given, and (3) error in the admission of testimony offered by the commonwealth—each of which will be considered and determined in the order mentioned.

1. The indictment, omitting caption and signature of the attorney reads:

"The Grand Jury of McCreary County, in the name and by the authority of the Commonwealth of Kentucky, accuse T. Privett, Edgar Garland, and John Ridner of the offense of arson;

"Committed in manner and form as follows: viz. the said T. Privett, Edgar Garland, John Ridner, did on the 8th day of November, 1928, in the county and state aforesaid and before the finding of the indictment herein, unlawfully, willfully, feloniously and maliciously set fire to and burn the storehouse of the Sterns Coal & Lumber Company against the peace and dignity of the Commonwealth of Kentucky."

It will be perceived that the accusatory paragraph of the indictment names "the offense or Arson;" while the descriptive part of the indictment charges defendant, with others, of the commission of one of the offenses denounced in section 1168, supra, i. e., that of willfully, feloniously, and maliciously burning the store-

house of another, and which is in direct conflict with the principles announced in the recent case of Deaton v. Commonwealth, 220 Ky. 343, 295 S. W. 167, and others therein referred to.

In other words, the indictment now under consideration accuses defendant with the common-law offense of arson, which is the willful, felonious, and unlawful burning of a dwelling house, while the descriptive part of the indictment charges him and his codefendants with having committed the statutory offense of burning, in the same manner, a storehouse. The Deaton case, which dealt with the same defect now under consideration and which was therein held to be fatal to the indictment, has been followed and approved in the later cases of Middleton v. Commonwealth, 226 Ky. 220, 10 S. W. (2d) 812, and Gregory v. Commonwealth, 226 Ky. 617, 11 S. W. (2d) 432. The opinions in the cited cases, as well as those in cases referred to therein, have firmly established the rule that the provisions of sections 122 and 124 of the Criminal Code of Practice should be read together in testing the sufficiency of an indictment, and that when done they require that the offense named in the accusatory part of an indictment must correspond with the one described in the following or descriptive part of the indictment; and our opinion in the case of DeBoe v. Commonwealth, 146 Ky. 696, 143 S. W. 39, 40, does not indorse a contrary practice. In that case the same offense as well as the same question was involved, and we held the indictment to be sufficient therein because it substantially complied with the rules as announced in the Deaton and other opinions.

The accusatory part of the indictment in the De Boe case charged defendant with "feloniously, willfully, and maliciously committing arson by setting fire to and burning the storehouse of Herman Friedman," and its descriptive part correctly described the statutory offense of so burning a storehouse. No doubt a different conclusion would have been reached in that case had it not been for the explanatory language in the accusatory part of the indictment immediately following the word "arson." That language was "by setting fire to and burning the storehouse of Herman Friedman," thereby clearly pointing out in a manner to be easily understood by defendant and all others the precise offense intended to be charged, and showing that the word "arson" was not employed in its technical sense,

or as charging the separate common law offense. We therefore conclude that ground 1 should be and it is sustained.

2. The only testimony offered by the commonwealth connecting defendant with the crime was that given by his codefendant and accomplice John Ridner, who stated without equivocation that he, Edgar Garland, and appellant met at the latter's home about 9 o'clock one evening and finally agreed to rob the storehouse of the Sterns Coal & Lumber Company, located a mile or more therefrom; that pursuant to that agreement they went to the store and robbed it of about $15,-000 worth of script and then set the building on fire and it was burned. The witness detailed the process of hiding the script that was employed by the parties thereafter, it being moved several times before either of them was arrested. No other witness in the case testified to appellant's participation in the commission of the crime, and the only testimony relied on by the commonwealth to corroborate that given by the witness Ridner was given by the latter's brother, George Ridner, who testified, in substance, that he was at the appellant's house on the night of the burning, and that the three defendants in the indictment left there together and returned later in the night, but that he did not know where they went or what they did while gone. He did, however, say that Garland arrived at appellant's house just before the departure of the three and called appellant and John Ridner, the brother of witness, out on the front porch, where a conversation occurred, but none of which was heard by the witness. He further testified that Garland, after the three had returned that night, said that he had "script enough to last him for awhile," and that appellant said that "The Sterns Coal and Lumber Co. would not let him work on the road and he had enough script to last him awhile anyway." Witness testified to no script in possession of appellant or any of the indicted defendants.

The corroboration of an accomplice necessary to sustain conviction under the provisions of section 241 of the Criminal Code of Practice must be more than enough to show "that the offense was committed, and the circumstances thereof." The alleged corroborative testimony of the witness George Ridner, who does not appear to have been an accomplice, does not even show that an offense was committed or any circumstances

thereof, much less does it connect appellant with its commission, except that which might arise from the mere fact of his going away from and later returning to his house with the other two defendants in the indictment. There is nothing to show that they committed the offense except the confession of John Ridner, Garland testifying at the trial that he alone committed the offense without the aid or assistance of either of his two codefendants.

In the comparatively recent case of Shields v. Commonwealth, 203 Ky. 118, 261 S. W. 865, we gave thorough consideration to the question of the sufficiency of corroborative testimony of an accomplice to sustain a conviction under section 241 of the Code, supra, and determined that the testimony therein was insufficient for that purpose. A reading of that opinion will show that the corroborative testimony relied on by the commonwealth was much stronger than that found in this record, but we held it was insufficient for the purpose. It is unnecessary for us to repeat the testimony as given in that opinion, since it readily may be found by consulting it. Suffice it to say that the rule as laid down therein and followed in numerous other cases from this court is that the alleged corroborating testimony, after eliminating entirely that of the accomplice, was sufficient to sustain a conviction of the defendant on trial, it likewise would be sufficient to support the accomplice testimony under the provisions of section 241 of the Criminal Code of Practice.

On the other hand, if the alleged corroborating testimony is or was insufficient, independently of that of the accomplice, to sustain a conviction, a peremptory instruction for an acquittal should be given by the trial court. To the same effect is the still later case of Clines v. Commonwealth, 221 Ky. 461, 298 S. W. 1107. Measured by that rule, the question arises whether the mere fact that defendant left his residence, a mile or more away from the burned storehouse, with the accomplice or accomplices and later returned with them, is itself sufficient to charge him as a joint participant in the burning. It may be admitted that such fact is a suspicious one, but it can scarcely be said that it sufficiently connects appellant with the burning so as to comply with the requirements of section 241 of the Criminal Code of Practice. We therefore conclude that this ground is also meritorious.

3. The incompetent evidence complained of under ground 3 consisted in the admission of a written and sworn to confession made by appellant's codefendant Edgar Garland, several days after the offense was committed, and in which he stated that appellant was a joint participant in the robbery and burning of the storehouse. That evidence was introduced as original substantive testimony, and it is manifestly apparent that, even if a conspiracy had been proven, it was inadmissible on the ground of its coming from a coconspirator after the object of the conspiracy had been accomplished. It, perhaps, would have been competent to contradict the witness who made it, if necessary for that purpose, but it was not so introduced in this case, but was, we repeat, introduced as substantive evidence against appellant; and it is clear to us that it requires no lengthy argument or discussion to convince one of its incompetency for that purpose.

Wherefore, the judgment is reversed, with directions to set aside the judgment and grant the motion for a new trial and for proceedings consistent with this opinion.