## Fletcher v. Commonwealth.

(Decided September 23, 1930.)

R. L. POPE, C. B. UPTON and J. B. CAMPBELL for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment convicting appellant of the crime of obtaining money under false pretenses and fixing his punishment at two years' imprisonment.

The prosecuting witness, Edith Taylor, testified that appellant, Robert Fletcher, and Otto Carroll came to her shop and bought two Coca-Colas. Fletcher tendered a $10 bill in payment. She took the bill and gave him $9.90 in change. At this point Carroll said that he had a dime and would pay for the drinks, and asked witness to give Fletcher back the $10 bill. This she did, and Fletcher handed her some money which she placed in the cash register. She then saw Carroll stoop down, pick up something and put it in his pocket. This aroused her suspicions, and on checking up the cash register after the two men left she found that she was $2 short. A few minutes later she found Otto Carroll on the street and accused him of short-changing her. Carroll said that he did not do it, but, if somebody had short-changed her, he would give her back the money. The commonwealth introduced several other witnesses who conducted stores in the community, and they testified that about the same time Fletcher and Carroll had attempted to work the same scheme on them. On the other hand, Fletcher denied that either he or Carroll had given the prosecuting witness less change than was due her. He was corroborated by Carroll and in part by three other witnesses whose affidavits he introduced.

It is first insisted that the indictment was insufficient. Doubtless its allegations might have been set forth in a more orderly fashion, and have been couched in fewer words, but it must not be overlooked that such

imperfections do not render an indictment demurrable where, considered as a whole, it states the facts constituting the offense charged in such a manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the rights of the case. Ray v. Commonwealth, 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297.

The first instruction given by the court presents a more serious question. Fletcher was not jointly indicted with Carroll, nor was a conspiracy charged. On the contrary, he alone was charged with the offense. Notwithstanding this fact, the instruction coupled Fletcher and Carroll in such a way as to make Fletcher responsible for the acts and conduct of Carroll. This the law does not permit, and there can be no doubt that the error was prejudicial.

The court did not err in permitting other storekeepers to testify that appellant worked or tried to work the same scheme on them. Generally evidence of other crimes or attempted crimes may be admitted to establish particular criminal intent, or to show plan or system, Duvall v. Commonwealth, 225 Ky. 827, 10 S. W. (2d) 279; Cook v. Commonwealth, 232 Ky. 613, 24 S. W. (2d) 269; Eagle v. Commonwealth, 223 Ky. 178, 3 S. W. (2d) 212; and the rule is particularly applicable to the facts of this case.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.