## Puckett v. Commonwealth.

(Decided June 2, 1936.)

BEVERLY WHITE for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Cecil Puckett was convicted of the offense of malicious shooting and wounding another with intent to kill.

The only ground urged for reversal is the insufficiency of the indictment, which reads as follows:

"The Grand Jury of Powell County in the name and by the authority of the Commonwealth of Kentucky, accuse Cecil Puckett of the crime of malicious shooting, committed as follows, viz:

"That said Cecil Puckett in the county aforesaid and before the finding of this indictment, did unlawfully, wilfully and feloniously, shoot and wound John Kennon with a pistol loaded with powder, ball and other hard substances, but from which shooting and wounding the said John Kennon did not die. Said shooting being maliciously done with the intent to kill; against the peace and dignity of the Commonwealth of Kentucky."

The first ground of attack is that the indictment does not show the date of its finding. In charging a felony like the one in question, time is not of the essence of the offense, and an indictment charging that the offense was committed before the finding of the indictment is sufficient. Section 129, Cr. Code Prac.; Commonwealth v. Miller, 79 Ky. 451; Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683. Here the clerk's indorsement shows that the indictment was presented and filed in open court on November 19, 1935, and it is charged that the offense was committed before the finding of the indictment. It follows that the indictment is not defective in the respect claimed.

The contention that the indictment is fatally defective, in that the accusatory part named no offense known to the law, presents a much more serious question. In addition to other essentials not necessary to be considered at this time, our Criminal Code of Practice requires that the indictment shall be direct and certain as to the offense charged, and that it shall contain a statement of the acts constituting the offense (sections 122 and 124, Cr. Code Prac.), and a compliance in one respect will not dispense with the necessity of compliance in the other respect. Thus a good statement of the offense in the descriptive part of the indictment will not supply the failure to name the offense in the accusatory part of the indictment, and the correct naming of the offense in the accusatory part of the indictment will not supply a defective statement of the acts constituting the offense in the descriptive part. Commonwealth v. Tobin, 140 Ky. 261, 130 S. W. 1116; Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61. Thus an indictment charging the defendants in the accusatory part with the "offense of

selling a beverage and decoction to be used as a beverage'' was held defective, in that it named no offense known to the law.  Elliott v. Commonwealth, supra. In the more recent case of Deaton v. Commonwealth, 220 Ky. 343, 295 S. W. 167, an indictment naming the offense in the accusatory part as ''confederating'' was held demurrable for lack of certainty.

But we do not have to confine ourselves to indictments concerning other crimes.  The precise question here involved was before the court in Commonwealth v. Tupman, 30 S. W. 661, 17 Ky. Law Rep. 217.  There the indictment accused Tupman of the crime of ''maliciously shooting,'' and no other words were used in the accusatory part of the indictment to describe the offense.  In discussing the question, the court pointed out that there were four distinct offenses embraced in the statute in force at that time, section 1166, Kentucky Statutes, all of which could be described under the same accusation, to wit, maliciously shooting, and that it could not be said that an indictment is direct and certain when under ''the description as given'' the particular circumstances of either of four offenses could equally well be given.  The court therefore concluded that the indictment charged no offense in the accusatory part, and was bad on demurrer.  Clearly there is no difference between the words ''malicious shooting'' and ''maliciously shooting,'' and for the same reason the indictment under consideration is insufficient.

Judgment reversed and cause remanded, with directions to set aside the conviction and sustain the demurrer to the indictment.