## Frazier v. Commonwealth.

Oct. 6, 1942.

468

J. H. Asher for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

For selling seven cases of sawdust for $280, upon the representation that the boxes contained cigarettes, the appellant, Virgil Frazier, has been sentenced to the penitentiary for two years upon conviction of the crime of obtaining money under false pretenses. Kentucky Revised Statutes, 434.050. He is dissatisfied with the judgment.

The appellant, who formerly lived in Clay County and was well known to Roy Ponder, manager of a store in Hyden, came to him in the afternoon of January 29, 1941, stated that he was closing out his store in Covington and had seven cases of cigarettes to sell at a bargain. The next day Frazier delivered the cases and collected the cash in a side room of the store where the boxes were placed. They bore brands or markings of cigarettes. A taxi driver and another man had come with Frazier, but they remained on the sidewalk and took no part in the transaction. Ponder's wife and daughter corroborated him in important particulars, but they did not see the cases delivered or the money passed.

J. M. Elam and his son, who also have a store in Hyden, testified that on the same afternoon Frazier had offered to sell them seven cases of cigarettes for about half price, but they declined to buy them. Another witness went with Frazier and Tom Cannon to Charlie McQueen's house in Clay County to get the cases. When they were opened Ponder found only two cartons of cigarettes, worth about $2.50, in the seven boxes of sawdust. There is also evidence of incriminating admissions by the defendant.

The appellant testified that he had gone to Clay County from Cincinnati, where he operated a poolroom, in response to a telegram from home and had brought with him a friend, Herbert Odear, and a comparative stranger, Tom Cannon. Cannon had asked him to stop in Newport where they picked up the seven cases which he said contained his clothes. Cannon had left the boxes at McQueen's house and the defendant as a guest had ridden with him and Odear in a taxicab to Hyden, where Cannon sold the cases to Ponder. Ponder called attention to the jail across the street, and said he didn't want them unloaded at his store, so they all drove to the country where Cannon delivered the boxes to Ponder on the roadside and collected the money. The defendant testified he had nothing to do with the transaction and did not know the cases contained sawdust. He denied having tried to sell cigarettes to the other merchants, but is silent as to his visit to Ponder and offer to sell them to him on the afternoon of the 29th. Lucian Allen, the taxicab driver, corroborated the defendant as to the place of delivery being on a roadside. He testified that Frazier, who had ridden out there with Ponder, did nothing while the other men, including himself, were transferring the boxes to Ponder's automobile. Although the record shows there was no motion for a continuance of the trial by the defendant or any authority for doing so, the defendant's affidavit as to what Tom Cannon and Walter Dezarn would testify, if present, was read to the jury. By this Cannon admitted full responsibility and cleared Frazier of guilt. Dezarn corroborated the defendant as to Cannon having obtained the cases in Newport and of his ignorance of their contents.

The appellant says that this evidence is not sufficient to sustain his conviction. Unhappily for him, the court's opinion of insufficiency is different. We gather

the principal basis of appellant's claim to be that Ponder ought not to have been so gullible and that he had an opportunity to learn the contents of the cases before he paid over his money. There is a suggestion that as Ponder thought he was buying stolen goods he ought not to be heard when he got caught in a crooked deal. May be so. But we hardly believe applicable the maxim of equity and law that where wrongdoers are in pari delicto they will be left where they are since the Commonwealth was not a party to the deal. The inherent error in appellant's argument is the assumption that criminal prosecutions are for the protection and benefit of the person injured. The true purpose is to protect the public by punishing the criminal and preventing crime. The gist of the offense of obtaining money or property of another by false pretenses is the fraud and deception of the perpetrator, his motives and the results—the fact that a person was deceived and defrauded. Commonwealth v. Beckett, 119 Ky. 817, 84 S. W. 758, 68 L. R. A. 638, 115 Am. St. Rep. 285; Rand v. Commonwealth, 176 Ky. 343, 195 S. W. 802; Slaughter v. Commonwealth, 222 Ky. 225, 300 S. W. 619, 56 A. L. R. 1209. Nor does it make any difference that the person defrauded might have been willing to engage in traffic of contraband goods. Roberson's Kentucky Criminal Law, Section 949. Cf. Ray v. Commonwealth, 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297, holding that while moonshine whiskey might not be legally sold or possessed, it may be the subject of larceny or robbery.

The evidence of the Elams as to the defendant having offered to sell them the same articles, which showed that he tried to work the same scheme on them, was clearly competent within the rule admitting evidence of crimes or attempted crimes in order to establish the particular criminal intent or to show a plan or system. Fletcher v. Commonwealth, 235 Ky. 320, 31 S. W. (2d) 393. The defendant waived the omission of the court to admonish the jury as to the purpose of this evidence by not having asked it. Stanley on Instructions, Sec. 791; Armstrong v. Com., 289 Ky. 758, 160 S. W. (2d) 159.

It was not error to fail to give a special instruction submitting the accused's defense. The jury was instructed that if they believed from the evidence beyond a reasonable doubt that the defendant had done the things stated, which constituted the crime charged, they should

find him guilty. This and the usual instruction on reasonable doubt was all that was necessary. A special instruction submitting a defense is not required except where it is something in the nature of the civil plea of confession and avoidance, that is, that the defendant did the act but should be excused for some legal or affirmative reason. Stanley on Instructions, Section 771.

Wherefore the judgment is affirmed.