## LEE v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 19, 1951.

Rehearing Denied Nov. 16, 1951.

Redwine & Redwine, Winchester, for appellant.

A. E. Funk, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant, Ernest Lee, was jointly indicted with Elbert Tharp and Hettie Chapman for the crime of obtaining money from another by false pretenses with intent to defraud. KRS 434.050. Upon separate trial he was found guilty of aiding and abetting Hettie Chapman to commit the offense, receiving a sentence of four years in the penitentiary.

Appellant seeks a reversal of his conviction, relying, chiefly, upon four grounds. They are: (1) the verdict is flagrantly against the evidence; (2) error in admitting incompetent and prejudicial evidence; (3) erroneous instruction given by the court; and (4) improper and prejudicial argument of the Commonwealth's Attorney.

A recitation of the pertinent facts is necessary to evaluate reasons assigned for reversal of the conviction.

On the night of May 23, 1950, Elbert Tharp, appellant and his nephew, Raymond Chapman, drove from Lexington to Nelson Hamilton's farm in Jessamine County, where Tharp had been previously employed, and stole four hams.

The next morning appellant suggested selling the stolen meat in Winchester. Tharp, appellant and his sister, Hettie Chapman, drove to Winchester, where appellant contacted Pleas Richardson in an effort to sell the meat.

Richardson testified that two boys and a lady came to his beer parlor; that appellant asked him if he wanted to buy a ham. Richardson stated that it was represented to him that the ham came from their farm; that after some discussion, he did not purchase the ham, but was later told by appellant that Tracy Wood had bought it.

Tracy Wood testified that Hettie Chapman and appellant came to his store with some hams, Hettie offering them for sale; that at Hettie's suggestion, appellant left to convey a message about the hams to Richardson. Wood stated that after Hettie represented that the meat was hers, he bought the hams; that appellant returned and said in their presence, "The man across the street said, hell, no, if he couldn't get both of them he didn't want none."

R. W. Patsell testified that he was in Tate's grocery when Hettie Chapman came and inquired as to whether Tate wanted to buy a country ham. He said that Tate declined, but that he bought a ham from Hettie and that they went to an automobile to get it; that appellant and another man were sitting in the car and offered to stick a knife in the ham to see if it was all right. Tate stated that it was represented to him by Hettie that the ham came from her farm.

This, in substance, is the principal part of the Commonwealth's testimony. Appellant did not testify, nor did he offer any evidence in his behalf.

In support of his first contention, appellant argues that there is no evidence showing that he intended to defraud Wood; no evidence that appellant made any false representation to Wood; no evidence that he received any money from the sale; and no evidence that appellant rendered material assistance to Hettie Chapman in perpetrating the fraud, or that he encouraged her in the commission of the crime.

The evidence does not support such deductions. It is evident that appellant knew that the hams were stolen; that he suggested to Tharp selling them in Winchester; that he accompanied his sister, Hettie, to Winchester for the purpose of selling the hams; that he contacted Richardson, telling him that the hams were raised on their farm; and that he helped Hettie take the hams to Wood's store, later returning to relate to Hettie a message about the hams from the grocer across the street. The conduct of appellant discloses to us that he was the instigator of the crime for which he was convicted.

■ Under such circumstances, where one of the defendants with the knowledge and concurrence of the others, makes the false representations charged, conviction of all is warranted. Finney v. Commonwealth, 190 Ky. 536, 227 S.W. 999.

■ Under the statute, (cited above) the gist of the offense is the fraud and deception of the perpetrator, his motives and the results—the fact that a person was deceived and defrauded. Frazier v. Commonwealth, 291 Ky. 467, 165 S.W.2d 33.

■ Where one intentionally creates a belief as to an existing fact which is false, and with the intent to defraud another of his property, and does so, it cannot matter whether the erroneous belief was induced by words or acts, or both. The mischief may be done as effectually by one method as by another. The mere fact that one of several persons obtaining the property by agreement received no share of the property does not make him the less a party. Roberson's New Ky. Cr.Law & Procedure, Second Edition, page 1183, Section 957; 35 C.J.S., False Pretenses, § 38, page 681; Rand v. Commonwealth, 176 Ky. 343, 195 S.W. 802; Commonwealth v. Harper, 195 Ky. 843, 243 S.W. 1053.

 As to appellant's second point, we find no error was committed in permitting other storekeepers to testify that appellant tried to work the same scheme on them. Generally evidence of other crimes may be admitted to establish particular criminal intent, identity, motive, or to show plan or system, or guilty knowledge. Fletcher v. Commonwealth, 235 Ky. 320, 31 S.W.2d 393; Duvall v. Commonwealth, 225 Ky. 827, 10 S.W.2d 279. This rule is particularly applicable to the facts of this case. Day v. Commonwealth, 173 Ky. 269, 191 S.W. 105. Defendant waived the omission of the court to admonish the jury as to the purpose of the evidence by not having asked it. Stanley on Instructions, Section 791; Armstrong v. Commonwealth, 289 Ky. 758, 160 S.W.2d 159.

Appellant's next contention is directed at the instructions. He argues that the first instruction is too long and confusing. The instruction is in one sentence. It necessarily had to be lengthy in order to set forth all the elements of the offense. The question presented by it was whether appellant aided and abetted his co-indictee in the commission of the crime. There is sufficient evidence upon which to predicate such an instruction. We have said that not only error, but injury must be shown to justify reversal for error in the instructions. Deaton v. Commonwealth, 288 Ky. 246, 156 S.W.2d 94; Ellison v. Commonwealth, 272 Ky. 364, 114 S.W.2d 130.

The instruction complained of was not artfully drawn, yet we find no prejudicial error in it. It submitted to the jury the issue in such a way that a juror of ordinary understanding would have no difficulty in ascertaining precisely what the court was intending to and did convey to the minds of the jurors.

The final ground relied upon for reversal is improper and prejudicial argument of the Commonwealth's Attorney. Upon this point our attention is directed to the bill of exceptions, which reads as follows: "The case was argued before the jury by counsel for the parties. In his argument for the plaintiff the Commonwealth Attorney, as contended by attorney for the defendant, said in words or substance: 'Ernest Lee admits that he was there.' By affidavit the Commonwealth Attorney denies making this statement, and by affidavit the attorney for defendant says the statement was made. The Court does not recall what was said, and therefore certifies that the Commonwealth Attorney did not make the statement 'Ernest Lee admits that he was there.'"

In the absence of a bystander's bill of exceptions, we are controlled by the rule stated in Fannin v. Commonwealth, 200 Ky. 635, 255 S.W. 514, 515, wherein it is said: "* * * It is an established rule of this court that improper conduct of counsel in the closing argument to the jury cannot be considered on appeal unless it is authenticated by the lower court in a bill of exceptions."

For the reasons stated, the objections to the Commonwealth's Attorney's argument cannot be reviewed.

Judgment affirmed.