Shirley RICH and Verdon Stewart, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1957.

T. T. Burchell, Manchester, for appellants.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., John M. Lyttle, Commonwealth Atty., Manchester, for appellee.

WADDILL, Commissioner.

Upon their joint trial, the appellants, Shirley Rich and Verdon Stewart, were

convicted of the crime of chicken stealing as denounced by KRS 433.250(4), and were sentenced to prison for a term of two years. As grounds for reversal they urge that the court erred: (1) In failing to direct a verdict acquitting them of the offense charged; (2) in admitting incompetent and prejudicial testimony over their objections; and (3) in instructing the jury.

We consider appellants' initial contention which is predicated upon the theory that the proof is not sufficient to justify a submission of the case to the jury or to support their conviction. The chief prosecuting witness, James Pennington, testified that on the morning of January 25, 1957, he discovered that nineteen hens were missing from his flock of white rock chickens. Pennington's farm is located off the main highway on a dirt road. Pennington stated that in making a search for his lost chickens, he observed a peculiarly marked tire track which led from his farm to a house occupied by the appellants and their wives. When appellants' house was searched under a search warrant, the officers found several chickens being cooked on a stove, several chickens cut up for cooking in a refrigerator, and a pan full of white feathers hidden under a bed. Also, three live chickens were found, two whites and a red one. Pennington positively identified the two white chickens as hens from his flock. When these two chickens were returned to Pennington's farm and released, there was testimony that they returned directly to the barn where Pennington was in the habit of feeding them.

Appellants' defense was that they had purchased the chickens found in their possession from Charles Marcum.

■ The evidence introduced in behalf of the Commonwealth presents a strong chain of circumstances wholly consistent with appellants' guilt and inconsistent with their innocence. This character of proof was amply sufficient to take the case to the jury on the question of appellants' guilt or innocence, and to sustain the verdict rendered. Kinder v. Commonwealth, Ky., 279 S.W.2d 782; Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1; Taylor v. Commonwealth, 293 Ky. 823, 170 S.W.2d 903; Newton v. Commonwealth, 222 Ky. 817, 2 S.W.2d 661.

■ Taylor Crawford, the officer who had conducted the search of appellants' premises, was asked by appellants' counsel concerning whether or not the appellants were at home at the time the officer executed the search warrant. After relating that appellants were not present at that time, Crawford was then asked, "Do you know where they were"? To this question the witness answered that Shirley Rich was working, and that Verdon Stewart was "moving a moonshine still out in another hollow." Appellants' counsel objected to the answer and the court promptly admonished the jury to the effect that the answer should not be considered in arriving at a verdict. We have concluded that this single answer was not prejudicial to the substantial rights of the accused, particularly in view of the court's proper admonition concerning its value. Blackburn v. Commonwealth, Ky., 247 S.W.2d 528; Delk v. Commonwealth, 243 Ky. 38, 47 S.W.2d 957; Epling v. Commonwealth, 233 Ky. 407, 25 S.W.2d 1022.

Appellants next insist that the court erred in instructing the jury. The only objection raised to the instruction in appellants' motion and grounds for new trial was that "the court erred in not instructing the jury as to the chickens belonging to another than the prosecuting witness, James Pennington." This specific objection, broadly and generously construed, merely raised the question of whether or not appellants were entitled to an affirmative instruction covering their theory of the case.

■ A special instruction submitting a defense is not required except where it is in the nature of the civil plea of confession and avoidance; that is, the accused admits doing the act and seeks to be excused for some legal or affirmative reason. Stan-

ley's Instructions to Juries, Second Edition, Vol. 3, Sec. 771; Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240; Frazier v. Commonwealth, 291 Ky. 467, 165 S.W.2d 33. However, the record reflects that the court specifically instructed the jury to return a verdict of not guilty if the jury believed that the defendants had purchased the chickens in question from Charles Marcum. Since an affirmative instruction was given, the appellants' claim of error is wholly without substance.

Appellants' counsel asserts that the record contains no judgment sentencing appellants to prison. Counsel has apparently overlooked the fact that on pages eight and nine of the transcript of the record there appear copies of separate judgments sentencing each of the appellants to prison for a period of two years.

We conclude, therefore, after a careful consideration of the grounds relied upon, there is no showing of error sufficiently prejudicial to justify a reversal of. the judgments.

Judgments affirmed.