**L. D. CAVITT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 2, 1965.

As Modified on Denial of Rehearing Dec. 17, 1965.

David R. Reed, William E. Scent, Reed & Scent, Paducah, for appellant.

Robert Matthews, Atty. Gen., David A. Schneider, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant seeks a reversal of his conviction and sentence for two years under KRS 435.170(1), shooting and wounding with intent to kill, on the grounds that (1) the indictment was defective; (2) the evidence was insufficient to support the verdict; (3) the instructions were defective; and (4) the Commonwealth Attorney was guilty of misconduct in the statement and argument of the case.

On April 11, 1962, Leonard T. Sasseen, the shooting victim, stopped at the Hall Motel in Mayfield, Kentucky, where his estranged wife and their two small girls had been living the four months since their separation. Sasseen says appellant met him at the front door and said: "Don't you know what I'll do to you if you don't get away from the door." Appellant de-

nies this. Sasseen then went to the back door, did not get in, but observed his wife using the telephone. He correctly assumed she called the police. He returned to the street and intercepted the police who persuaded him to go with one of them to the police headquarters and get a warrant. He did not get a warrant. He returned, walking, to the motel where he had left his car. In the meantime, appellant returned to his home for ten to thirty minutes and called Mrs. Sasseen's home telephone but no one answered. He got in his car and went looking for her, first at the home in which he had just recently been "visiting" and, finding no light on, then went to the home of the mother of Mrs. Sasseen. He did not locate her there and on his return he saw Sasseen crossing the street in his direction, holloing "Hey." Appellant says he had his pistol with him during all these times; it was on the seat by him when he says Sasseen hailed him. He stopped the car, motor still running, and got the pistol. Sasseen "lunged" at appellant through the car window and appellant shot him in the head. They tussled some after the shooting in which appellant says he received an injury, but he knew not how. Appellant then "pushed" the wounded Sasseen out of the car. Sasseen went around the back of the car, left the scene, dodging from tree to tree like an addled chicken.

The indictment was returned June 20, 1962, which obviously preceded the effective date of the "new" Rules of Criminal Procedure on January 1, 1963.

Appellant first contends the indictment was defective under the "old" rules, Section 124(b), because the accusatory part of the indictment did not charge defendant committed the offense "wounding another with intent to kill." The relevant part of the indictment is as follows:

"accuse L. D. Cavitt of the crime of wilfully and maliciously shooting at another committed in manner and form as follows, to-wit: The said defendant L. D. Cavitt in the said county of Graves, on the 18 day of June A.D. 1962, and before the finding of this indictment, did unlawfully, willfully, feloniously, and maliciously with a gun or other instrument loaded with leaden bullets or other hard substance shoot at Theodore Sasseen with the *intent to kill* him but so that he does not die from *the wounds.*" (Emphasis added.)

It is true, as contended by appellant, a number of early cases required all statutory elements of the offense to be stated both in the accusatory and descriptive parts of the indictment. Cf. Commonwealth v. Tupman, 30 S.W. 661, 17 Ky.Law Rep. 217 (1895), and Puckett v. Commonwealth, 264 Ky. 577, 95 S.W.2d 242 (1936). However, this rule was departed from in Rose v. Commonwealth, 294 Ky. 279, 171 S.W.2d 435 (1943), wherein this Court said:

"There are to be found a number of older cases holding that the accusatory part should be full and complete in naming the offense, and that a failure was fatal, even though the descriptive portion clearly set out essential description, but we have in later days held that the indictment must be read as a whole, and if when so read it fairly and reasonably apprises the accused of the offense, and is complete in describing the acts constituting the offense, the indictment, if it otherwise complies with Criminal Code of Practice § 124, is sufficient."

■ The descriptive part of the indictment contains the charge that the shooting was done with "intent to kill" and "that he does not die from the wounds." The indictment does not specifically charge Sasseen was wounded; it is clearly inferred. Appellant was not misled or prejudiced. The indictment was sufficiently definite.

■ It is next urged that the evidence was insufficient, as a matter of law, to

support the verdict. Appellant points out that Sasseen was an ex-college football player and some 40 pounds heavier than appellant, and that Sasseen stopped or hailed appellant. Apparently, this is all true. However, appellant went home, to a place of ostensible safety, away from the scene of conflict, and returned with his pistol "by his side." It is reasonable to assume he knew Sasseen was jealous and angry. He certainly knew Sasseen was not bringing glad tidings. He could have driven on by. Instead, he joined issue and met the situation, voluntarily, head on. We conclude the evidence was amply sufficient to take the case to the jury and to sustain the conviction. Parsley v. Commonwealth, Ky., 273 S.W.2d 372 (1954).

■ Complaint is made that the instructions given did not define "aforethought" and "sudden affray." Malice was defined. It was unnecessary to define "aforethought" and "sudden affray." Cf. Ewers v. Commonwealth, 284 Ky. 780, 146 S.W.2d 1 (1940).

Appellant's departing salvo at the verdict and judgment assails statements by the Commonwealth Attorney during the statement of the case and during his closing argument. The two following statements are especially emphasized as being prejudicial:

"Sasseen was doing a gentlemanly act in trying to protect the interests of those little girls."

"He went to Sasseen's home and made himself at home, with his children, still married."

■ These comments pertained to facts and conclusions well known to the jury. They were a little below the belt, but we do not think it was shown they were so prejudicial to the substantial rights of the appellant as to justify a reversal.

The judgment is affirmed.