*Harrison, McGrain, Barnett,* for appellee.

---

### JOSEPH BOWMAN *v.* THE COMMONWEALTH.

**Appeal—Record—Transcript of Evidence.**

Where a transcript of the testimony in another case has no caption, and does not identify itself by a statement of the matter which it is intended to contain, and is unsigned, and is marked filed, but appears to be a transcript of the evidence given upon the trial of the defendant, it can not be treated by the Court of Appeals as a part of the record.

**Criminal Law—Proof of Commission of Offense by Another.**

A person charged with the commission of a crime may establish his innocence by showing its commission by another, but he can not exonerate himself by showing that another person, when charged

with the offense, failed to deny his guilt, or by proving conversations or admissions made by another.

**Criminal Law—Appeal—Reversal—Argument Before Jury.**

The Court of Appeals can not reverse a case for abuse of discretion of the trial court in arranging the order of argument of counsel for the state.

**Homicide—Self-Defense.**

One who commenced a difficulty which rendered the killing necessary, or apparently necessary, can not voluntarily continue it until he kills his adversary, and then be heard to say that he acted in self-defense.

**Homicide—Instruction—Malice.**

One who was prosecuted for homicide can not complain of an instruction on the question of malice, where he was convicted only of manslaughter.

**Criminal Law—Appeal—Reversal—Instruction.**

Where there is no authenticated statement of the testimony in the record, the Court of Appeals can not reverse on account of instructions, unless they are such as would be erroneous under any state of proof.

APPEAL FROM JEFFERSON CIRCUIT COURT.

April 7, 1874.

Opinion by Judge Lindsay:

The following statement appears in the Bill of Exceptions: "And by consent of parties, copy of the evidence taken down and filed herein by the reporter, is to be used by the defendant in lieu of the copy thereof." We may assume that it was intended to use this copy as part of the record in this court. We have before us a transcript of testimony, given upon a criminal prosecution had in some court. We gather from the names of the parties and witnesses, that it was given upon the trial of the appellant, but we have no official evidence that such is the fact.

There is no caption to this transcript. It does not identify itself by any statement of the matter it is intended to contain. It is not signed by any one, nor is it marked filed in court. If, under these circumstances, it could be regarded as part of the record in this case, still there is nothing in it tending to show that it contains all the evidence heard by the jury. We cannot, therefore, treat it as

any part of the record. Excluding this transcript, it is difficult to determine that appellant was prejudiced by the exclusion of the testimony of Beard; we are of the opinion, however, that it was incompetent, and therefore properly excluded. Beard merely proposed to prove a conversation between the accused and Kistler, which appellant insisted amounted to an implied confession by Kistler that he was the party who stabbed the deceased.

If Kistler had been present, and on the witness stand, he would not have been allowed to state that such a conversation had taken place. He might have been asked whether or not he did the stabbing, but not whether, on the occasion referred to, he failed to deny it when charged with it by the accused. If Kistler, the actor, the participant in the conversation, could not have detailed it, we can see no reason why a third party, who merely heard what passed, should be allowed to do so.

It is certainly true that a person charged with crime may establish his innocence by showing that another party committed the offense; but he cannot exonerate himself by merely showing that another person, when charged with the offense, failed to deny his guilt. There is a material difference between proving acts done and performed by a third party, and between that third party's conversation and admissions, had and made out of court. Kistler was a competent witness for the accused. If he had been under examination, he might have been asked whether he did or did not stab the deceased. If he had refused to answer, as he might have done, he could not have been asked whether he had or had not confessed out of court that he did the stabbing. It therefore follows, as a necessary consequence, that the fact of the confession could not have been proven by some one else. The testimony rejected was clearly hearsay. There is no conflict of authority on this point, except the case of Hensley v. The State, 9 Humphrey 244; and we do not concur either in the reasoning of the opinion, or the conclusion of the court in that case.

We have no power to reverse on account of any abuse or discretion by the court below in arranging the order of the argument. Sec. 334, Criminal Code, expressly limits the power of this court in criminal proceedings, and provides that it shall not reverse in felony cases, except for error in admitting or rejecting important testimony, in instructing or refusing to instruct the jury, in fail-

ing to arrest the judgment, and in allowing or disallowing peremptory challenges to jurors. It is needless, therefore, to inquire whether the court should have refused to allow the employed counsel to close the argument.

We see no objection in instructions Nos. 1 and 3, given for the commonwealth. Said last named instruction is clearly right, so far as it defines the law of self-defense. A person cannot, after assaulting another, whether his purpose be deadly or not, kill his antagonist with a deadly weapon, and escape punishment upon the ground of self-defense, unless it appears that, after commencing the combat, he in good faith attempted to withdraw. Having commenced the difficulty which rendered the killing necessary, or apparently necessary, he cannot voluntarily continue it until death ensues, and then be heard to say that he acted in self-defense. Whether in every such case the party killing will be guilty of murder, we do not decide. In this case he was held to be guilty of manslaughter, and if the jury believed the facts to have been proven as they were hypothetically stated in the instruction, they were justified in their finding. Instruction C is substanially correct; and besides, as appellant was not found guilty of murder, he cannot complain on account of the definition of the term "malice." Instruction D is not liable to the criticism of the counsel. The "reasonable doubt" is made to apply to the cutting with the weapon named in the indictment, and not to the questions of self-defense, provocation, malice, sudden heat and passion. The jury could not have been misled by the manner in which the law was herein stated. The modifications to instructions Nos. 1 and 8, asked for by appellant, were proper. The instructions given upon appellant's motion were of the most favorable character.

It is further to be observed that, in view of the fact that we have before us no properly authenticated statement of the testimony heard on the trial, we could not reverse on account of the instructions, unless they were such as would be erroneous under any character of proof.

We perceive no reasonable error in the proceedings in the circuit court. Its judgment must therefore be affirmed.

*Lawson, Bramlett, for appellant.*

*Rodman, Attorney-General, Parsons, for appellee.*