Craft v. The Commonwealth.

Case 65—INDICTMENT—September 12, 1882.

# Craft v. The Commonwealth.

APPEAL FROM BOYD CIRCUIT COURT.

1. The court properly instructed the jury as to the law of homicide in ordinary cases, but failed to instruct as to the weight that should be given to the evidence of an accomplice.

2. An instruction should, in substance, have been given in accordance with *section* 241 of the Criminal Code, if the jury believe that the witness, Geo. Ellis, was an accomplice. "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of

the offense, and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof. This was asked for by appellant and refused."

3. In the absence of the proof thus required, *section* 242 of the Criminal Code makes it the duty of the court to instruct the jury to acquit.

R. C. BURNS AND Z. F. SMITH, JR., FOR APPELLANT.

1. When it became apparent that Ellis, by his own evidence, was an accomplice, there being no proof to sustain him as to the murder and the circumstances connected with it, the court should, even without a motion, have directed the jury to render a verdict of acquittal. (*Criminal Code, section* 242.)

2. The court erred in refusing to instruct the jury that a conviction cannot be had upon the testimony of an accomplice, unless his evidence is corroborated by other evidence connecting the defendant with the commission of the offense, and the evidence corroborative is not enough if it only shows that the offense was committed and the circumstances thereof. (Crim. Code, sec. 241; Bouv. Law Dic., 46; Foster, 341; 1 Russell, 21; 4 Bl. Com., 231; Faris v. Commonwealth, 14 Bush; 7 Covington & P., 272; Bowling v. Commonwealth, 79 Ky., 604; Trimble v. Commonwealth, 78 Ky., 176; Cunningham v. Commonwealth, 9 Bush; Bishop's Crim. Law, vol. 1, 272-'3; Christian v. Commonwealth, 3 Bush, 265; Crim. Code, 234.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

Upon the question whether the court should have instructed the jury as insisted upon by appellant, the court is referred to *section* 242 *of the Criminal Code*, which harmonizes with the principle laid down in all the text-books. (Russell on Crimes, 2 vol., 956, 957, 958, 959, and 960; Archbold's Crim. Prac., 502.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant was indicted on the charge of murder, tried, convicted, and sentenced to death. The conviction appears to have been had principally upon the evidence of an accomplice, and the only question we need consider, precluding no other, is whether the court properly instructed the jury.

Sections 241 and 242 of the Criminal Code are as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense;

Craft v. The Commonwealth.

and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

"In all cases where, by law, two witnesses, or one witness with corroborating circumstances, are requisite to warrant a conviction, if the requisition be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, by which instruction they are bound."

The court properly instructed the jury as to the law of homicide in ordinary cases, but failed to instruct as to the weight that should be given to the evidence of the accomplice.

In general, where evidence is competent to go to the jury, it is their exclusive province to determine to what consideration it is entitled, to the extent, even, of disregarding it entirely. But the sections of the Criminal Code quoted appear to make an exception in the case of the testimony of an accomplice. When there are no corroborating circumstances it is the duty of the court to instruct the jury to acquit, thereby determining, as a matter of law, that, standing alone, the evidence given by an accomplice is not entitled to any weight, and shall not be considered by the jury. If there is evidence tending to support the statements made by the accomplice, such evidence is competent, and should be permitted to go to the jury for their consideration, as in ordinary cases; but the permission that such evidence may go to the jury is not a determination by the court that it is credible, or that it, in fact, establishes the existence of corroborating circumstances, and the fact of the admission of such evidence does not add to nor detract from the positive declaration of the Code that no conviction shall be had upon the uncorroborated testimony of an accomplice. Before the jury can consider the evidence of an

accomplice as a factor in the problem of guilt or innocence, they must first determine that the other evidence heard proves the existence of corroborative facts, for without their existence a conviction might be had upon the evidence of the accomplice alone. If the evidence claimed to be corroborative does not tend, when its truth is admitted, to this end, it is the duty of the court to exclude it, and to direct an acquittal; but the court, by the admission of such evidence, does not pass upon the question as to whether it is in fact true, and does establish the existence of corroborating circumstances. That would be a clear infringement of the rights of the jury, which the court has as effectually done in its failure to instruct the jury as to the law of corroboration, for by the failure the jury are permitted to consider the evidence of the accomplice as they would any other evidence, and are authorized to convict on such evidence, although they may not believe the evidence offered to establish corroborating circumstances. The failure to instruct as indicated was clearly error, and an error which, under the circumstances of this case, was necessarily prejudicial to appellant. The jury should have been instructed in the language, substantially, of section 241 already quoted, and in effect as asked by counsel for appellant.

Judgment reversed, and cause remanded, with direction for a new trial.