## Solomon v. Commonwealth.

(Decided March 27, 1925.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Failure to Instruct on Law of Accomplices Held Without Error.—Where purchaser of merchandise alleged to have been stolen from storehouse did not sustain such relation to crime of burglary as made him accomplice of accused in its commission, failure of trial court to instruct on law of accomplices, under Criminal Code of Practice, section 241, was not erroneous.

2. Criminal Law—"Accomplice" Defined.—An "accomplice" is one of several concerned in commission of felony or misdemeanor, and, in order to make one accomplice, it is necessary that his criminal participation in the particular crime charged be shown by evidence.

3. Criminal Law—Witness to be Accomplice Must Sustain Such Relationship to Criminal Act as that he could be Jointly Indicted with Accused.—To constitute witness in criminal prosecution an accomplice, he must sustain such relation to criminal act charged as that he could be jointly indicted with accused for its commission.

4. Criminal Law—Guilt of Another Crime will Not Make Witness an Accomplice.—Though witness' guilt of another crime resulting from that charged be shown, it will not make him an accomplice of those who engaged in commission of crime charged and first committed.

5. Witnesses—Defendant's Admission as Witness Held Competent as evidence as to Credibility as Witness Only.—In prosecution for burglary of storehouse, defendant's admissions as witness on cross-examination, that while in Arkansas he was tried and con-

victed of store breaking, were competent, under Civil Code of Practice, section 597, only for purpose of affecting his credibility as witness.

NICHOLS & NICHOLS for appellant.

THE ATTORNEY GENERAL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellant, Herman Solomon, following his indictment jointly with James Searce, Carl Solomon and Charles Solomon for the offense of forcibly breaking and entering into a storehouse of R. S. Barnett with the felonious intent to steal and take therefrom goods, wares and merchandise and of feloniously taking, stealing and carrying away therefrom goods, wares and merchandise of value, was separately tried in the McCracken circuit court, by verdict of a jury found guilty of the offense charged and his punishment fixed at confinement for two years and six months in the penitentiary.

He has appealed from the judgment entered upon that verdict and asks its reversal upon the grounds that error was committed by the trial court to the prejudice of his substantial rights: First, in failing to properly instruct the jury; second, in admitting incompetent evidence.

It was shown by the evidence that the storehouse of Barnett in Paducah was broken into and the merchandise stolen therefrom taken at night, and that before daylight on the following morning the appellant and his codefendants, James Searce and Charles Solomon, riding together in an automobile containing the stolen goods, or a part thereof, arrived at the home of L. H. Solomon, a country merchant and uncle of the appellant, whose residence and store were situated twelve or fifteen miles from Paducah. They awakened L. H. Solomon from sleep and had him to go with them to his store, where they informed him of their possession of some merchandise carried in the automobile which they wished to sell. After an inspection of the merchandise by L. H. Solomon and some higgling between the parties as to terms, the latter purchased all the goods the appellant and his associates had in the automobile at the price of $91.00 or $92.00, and took possession of them. Within a day or two thereafter police officers traced the stolen

goods to the possession of L. H. Solomon, and followin . their identification by Barnett as the property stolen from his store, they were returned to him without opposition from L. H. Solomon, who frankly told when and from whom he purchased the goods and what he had paid for them.

It does not appear from the record when the persons jointly indicted with the appellant for the crime in question were arrested, if at all, or whether they have been tried therefor. But it is shown by the evidence heard on the appellant's trial that upon his learning that the officers of the law were seeking his arrest as one of the parties charged with the crime, he fled to Anderson, Indiana; thence to Nashville, Tennessee, and later to Arkansas; in which state he was arrested two years after the commission of the crime and brought back to Paducah, Kentucky, for trial.

We deem it unnecessary to further discuss the evidence, which convincingly established the appellant's guilt of the crime charged. His complaint of error on the part of the trial court in instructing the jury arises wholly out of its failure to give them an instruction substantially in the language of section 241, Criminal Code, which would have advised them that the appellant's conviction could not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect him with the commission of the crime; and that such corroboration would not be sufficient if it merely showed that the offense was committed and the circumstances thereof.

This contention of the appellant is bottomed on the claim that as his conviction was obtained mainly through the testimony of L. H. Solomon, receiver of the merchandise stolen from Barnett's store, whose purchase of same, it is argued, was made with the knowledge on his part that it was stolen property, that fact made him a participant in the crime charged and, therefore, an accomplice of the persons who actually took part in its commission. The error underlying this contention is patent. The evidence in this case wholly fails to show that L. H. Solomon was an accomplice of the appellant and his codefendants in the commission of the crime charged. An accomplice is one of several concerned in the commission of a felony or misdemeanor; and in order to make one an accomplice, it is necessary that his criminal participation in the particular crime charged be

shown by the evidence. And to constitute a witness in a criminal prosecution an accomplice, he must sustain such a relation to the criminal act charged as that he could be jointly indicted with the accused for its commission. Though his guilt of another crime resulting from that charged be shown, it will not make him an accomplice of those who engaged in the commission of the crime charged and first committed.

What we have said of the law bearing on the question under consideration, is supported by a large number of cases decided by this court, among which are those here cited: Sizemore v. Commonwealth, 10 R. 1; White v. Commonwealth, 5 R. 318; Levering v. Commonwealth, 132 Ky. 666; Richardson v. Commonwealth, 166 Ky. 570; Nicholl v. Commonwealth, 169 Ky. 491; Elmendorf v. Commonwealth, 171 Ky. 410; Anderson v. Commonwealth, 181 Ky. 310. It is manifest from the rule stated in each of the cases, *supra,* and from the evidence before us that L. H. Solomon sustained no such relation to the crime of which the appellant was convicted, as made him an accomplice of the latter in its commission. If it be conceded that the circumstances attending L. H. Solomon's purchase of the stolen goods from the appellant and his codefendants were of such character as should reasonably have enabled him to know that they had stolen them, or obtained them through other means that were criminal, proof of his possession of such knowledge at the time of his purchase of the goods would not have authorized his indictment for the offense of feloniously breaking into the store of Barnett and with like intent stealing therefrom the property in question, although it might have authorized his indictment for the offense of knowingly receiving stolen property with the felonious intent to convert it to his own use. But his indictment for the latter offense would not have had the effect to make him an accomplice of the appellant and his codefendants in the commission of the crime for which they were indicted. So, in no view that may be taken of the case can it be said that the failure of the trial court to give such an instruction as required by section 241, Criminal Code, was error.

The second and final ground urged by the appellant for the reversal of the judgment is also without merit. The complaint thereby made of the admission of incompetent evidence by the trial court is unsupported by the record. The evidence complained of is contained in cer-

tain admissions made by the appellant on his cross-examination as a witness, which were substantially to the effect, that after his arrival in Arkansas he was there, and in a court of that state, tried and convicted of a felony, to-wit, "store breaking," as a punishment for which, under the judgment of the trial court, he was confined two years in the penitentiary of the state. The trial court, in overruling the objections interposed by the appellant's counsel to the introduction of the evidence in question, carefully admonished the jury that it might be considered by them "only for the purpose of affecting his (appellant's) credibility as a witness, if it does so affect it, and not for any other purpose."

The admissions of the appellant mentioned were clearly competent as evidence for the purpose stated in the court's admonition to the jury. Indeed, the admission of such evidence for the purpose indicated is authorized by the Civil Code, section 597, equally applicable to criminal and penal prosecutions, and its competency to that end has been declared by numerous decisions of this court. In one of these cases, GeBurk v. Commonwealth, 153 Ky. 264, it is said:

"On his cross-examination appellant was asked by counsel for the Commonwealth if he had been tried and convicted of a felony and sent to the penitentiary. The court, after admonishing the jury that the evidence was only competent for the purpose of affecting his credibility as a witness, overruled the objection to the question, and appellant answered affirmatively. It is admissible to show by a witness, whether he be a defendant or not, that he has been convicted of a felony. Civil Code, section 597."

The fact that the crime of which the appellant was convicted in Arkansas was of like character to that of which he was convicted in this case cannot, as insisted by his counsel, affect the question under consideration. If that fact made the admission of his conviction of the Arkansas crime more hurtful to him than if it had been some other crime such effect did not render the appellant's admission of his conviction thereof incompetent as evidence for the purpose stated by the trial court, or authorize its exclusion by that court from the consideration of the jury.

As no reason is disclosed by the record for disturbing the verdict of the jury by which the appellant was found guilty of the crime charged, the judgment of conviction is affirmed.