## Grady v. Commonwealth.

(Decided January 27, 1931.)

L. D. GREENE and H. M. DENTON for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Mike Grady, a Syrian, appeals from a judgment convicting him of knowingly receiving stolen property, and fixing his punishment at two years' imprisonment.

The principal witnesses for the commonwealth are Sennett Gammon and Tommy Gammon. At the time of the alleged offense, Sennett Gammon was an escaped convict, and Tommy had served time in the penitentiary. At the time they testified they were both confined in the penitentiary on a charge of grand larceny. After Sennett escaped from the penitentiary, he sent for his brother Tommy, who was then livng in Kansas City. They had an aunt, who had an apartment at the home of Mrs. Bertha Purcell in Louisville, ánd through her they secured a room there while Mrs. Purcell was visiting in the country. Appellant conducted a hamburger stand not far away, and at one time Tommy Gammon had done some work for him. In addition to operating the hamburger

stand, appellant had been engaged for years in peddling goods through the country. While going through the country he had often stopped at Mrs. Purcell's father's home, and they had known each other and had been friends for many years. According to the Gammon boys, they went to Weisert's Landing one night during the latter part of August, 1929, robbed a store belonging to Roy Barrickman, and carried away a large quantity of shoes, wearing apparel, and other goods. Before committing the robbery they had talked the matter over with appellant, and he had agreed to buy the goods if they suited his purpose. The morning after the robbery they delivered the goods at appellant's home, and appellant agreed to pay them $200. Later on in the day appellant gave them $15. The next morning the sheriff of Trimble county communicated with the Louisville police department, and then came to Louisville. When first questioned, appellant denied knowing the Gammon brothers, but on being confronted by them admitted that he knew them and told the officers where the goods were. He then took the officers several places, and a portion of the goods was recovered. Sennett Gammon admitted that a short time before the robbery of the Barrickman store he had robbed another store belonging to a man by the name of Jeffries, who lived at Campbellsburg. He explained to Mrs. Purcell that he had a bankrupt stock of goods and wanted to know if she knew of any one who would purchase them. Mrs. Purcell stated that appellant sometimes handled such goods and introduced him to appellant as a merchant who wished to dispose of a bankrupt stock of goods. Thereupon he sold the goods to appellant. In this he is corroborated both by Mrs. Purcell and appellant. Appellant further testified that he did not know the Gammon boys by that name, but knew them only by their first names. Having purchased the first stock of goods on the representation that they were a bankrupt stock, he thought the last goods were of the same character. He denied knowing that the goods were stolen. After his suspicions were aroused, he drew his pistol and drove the Gammon boys away when they appeared at his house. In addition to this, several witnesses testified to the good reputation of appellant.

Appellant's chief insistence is that, on the showing made by the commonwealth, he and the Gammon boys were accomplices, and their evidence was not sufficiently

corroborated by other evidence tending to connect him with the commission of the crime. Ordinarily one who steals goods is not an accomplice of the person who knowingly receives them. Solomon v. Commonwealth, 208 Ky. 184, 270 S. W. 780. Here the situation is different. According to the Gammon brothers, appellant not only suggested the robbery of the store for the purpose of getting the goods, but agreed with them that if they would commit the robbery he would receive and pay for the goods, thus showing a conspiracy in which they all participated. On this showing there can be no doubt that the Gammon brothers and appellant were accomplices. In deciding the sufficiency of the corroboration of the evidence of an accomplice, we must eliminate his evidence and determine whether the other evidence is sufficient to connect the accused with the crime. Commonwealth v. McGarvey, 158 Ky. 570, 165 S. W. 973. Knowledge that the goods were stolen is the controlling element of the crime, and though knowledge may be shown by circumstances, the circumstances should go further than create a mere suspicion. The circumstances here relied on are the fact that appellant received the goods, and that he at first denied knowing the Gammon boys, or having any transaction with them. The uncontradicted evidence shows that Sennett Gammon had been introduced to appellant as a merchant who desired to dispose of a bankrupt stock. Clearly this was sufficient to disarm any purchaser and lead him to believe in good faith that the goods he subsequently purchased were of the same character. The fact that appellant denied knowing the Gammon boys, or having any transaction with them, loses its force in view of the fact that his knowledge of English was limited, and of his reasonable explanation that he did not know them by the name of Gammon, but knew them only by their first names. In our opinion the evidence of corroboration was not sufficient to take the case to the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.