## Wilson v. Commonwealth.

(Decided Oct. 9, 1934.)

HOGGE & HOGGE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Turner Wilson appeals from a judgment convicting him of knowingly receiving stolen property, and fixing his punishment at two years' imprisonment.

The evidence discloses that on Sunday night, December 3, 1933, the clothing store of Daniels & Hutchinson, located in Morehead, was broken into by John Freeman, William Carpenter, and a man by the name of Arnold, and merchandise of a greater value than $20 was stolen and carried away. On the following morning Carpenter and Freeman, who were in possession of a portion of the goods, were apprehended. According to Freeman, who was convicted of robbery, and was serving a term in the penitentiary at the time he testified, the robbery was planned by him, Carpenter, and Arnold. After agreeing to break the store open, Carpenter left for the purpose of getting a man to haul the stuff away. Afterward Carpenter came back with another fellow whom

he addressed as Wilson. Wilson then went away, and Carpenter went back to the depot with them. They then went down an alley behind the store. Carpenter threw something through the window, and as he climbed in cut his hand. Carpenter bundled the stuff and threw it out the window. Outside they had some sacks in which they put the merchandise. There were seven or eight of them, and they were stacked up near a wood-shed or something. After putting it there a car pulled up with the lights out. It came from the end of the alley going toward Virginia. The car stopped, and the front door was opened. Those present pushed the stuff through the front door. After loading the car they all got in. He supposed it was Wilson who came with the car. After loading the stuff they drove away. He and Carpenter took three sacks out of the car, and the car drove off with the rest of the sacks. The next day while standing in the courtroom he was asked by an officer to pick out the man who came in the car. He did not know any of the crowd, but picked out Wilson. On the trial he said Wilson was the man he picked out, and to the best of his ability he was the man who hauled the stuff away. After the robbery he was taken to a place where there were several cars and asked if he could pick out the car that hauled the stuff away. He picked out a four-seated sedan belonging to Wilson, but told them that, if this were a coach, this would be the car. The handle was off the back door, and the car could have been taken for a coach.

On the other hand appellant denied all connection with the affair, and testified that between 7 and 8 o'clock on the night in question he went to the home of his brother-in-law, Stoner Clark, at Haldeman, which is a few miles from Morehead, and remained there all night, sleeping in the bed with Jack Clark, Stoner's son. In this he is corroborated by Jack Clark and other inmates of the house.

In rebuttal two witnesses testified that they saw appellant in Morehead as late as 9:45 on the night of the robbery.

Appellant's chief insistence is that, on the showing made by the commonwealth, the witness Freeman and he were accomplices, and that Freeman's evidence was not sufficiently corroborated by other evidence tending to connect appellant with the commission of the crime,

as required by section 241, Criminal Code of Practice. We have carefully reviewed the record, and there is no evidence whatever connecting appellant with the crime of knowingly receiving stolen property other than the evidence of Freeman, who broke into the storehouse and stole the goods. Therefore, if appellant and Freeman were accomplices, it was the duty of the court to direct a verdict of acquittal. Craft v. Commonwealth, 80 Ky. 349. Ordinarily, the thief or robber is not an accomplice of a person who knowingly receives the stolen goods. Solomon v. Commonwealth, 208 Ky. 184, 270 S. W. 780; but this rule is subject to exceptions. Thus in Grady v. Commonwealth, 237 Ky. 157, 35 S. W. (2d) 12, the defendant, prosecuted for knowingly receiving stolen goods, and the thief, were held to be accomplices on the showing that the defendant not only suggested the robbery, but also agreed that he would receive and pay for the goods. We think the facts of this case call for the application of another exception. Under our law, all who participate in the commission of a crime, whether as principals, aiders and abetters, or accessories before the fact, are accomplices. Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140. Freeman, Carpenter, and Arnold planned the robbery. As a part of the plan it was necessary to procure some one with a car to haul the goods away. With Freeman's knowledge Carpenter procured Wilson. The goods were thrown out of the store window and put in sacks. Appellant appeared in the alleyway with his car. The sacks were placed in his car and carried away. After being carried away, appellant received a portion of the goods for his services. In the circumstances the robbery of the store and the carrying away of the goods were all parts of the same plan. Not only did appellant participate in the actual robbery, but Freeman, the witness, aided and abetted appellant in the crime of receiving the stolen property. In view of this situation it cannot be doubted that Freeman and appellant were accomplices, and that the court erred in not directing a verdict of acquittal.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.