## Keith v. Commonwealth.

(Decided Oct. 30, 1936.)

H. L. JAMES, Jr., for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

The grand jury of Hardin county indicted Shellie Keith, Willie Howard, Rufus Drake, and Gib McGuffin for the crime of warehouse breaking, with intent to rob.

On his separate trial Shellie Keith was convicted and given a sentence of two years. He appeals.

The facts are: In the month of July, 1934, a meathouse belonging to Mrs. Josie Miller, a resident of Hardin county, was broken into and a large quantity of meat and some lard and sugar taken therefrom. Mrs. Miller was in the hospital at the time, and upon her return steps were taken to detect the guilty parties. One Millard Evans was present when Keith and the others said they were going to break in Josie Miller's meathouse. He was along with them the second trip they made. He was within about 40 yards of the house when it was broken into. He did not agree to go with them and break in, nor did he take any part in the breaking. Afterwards he helped carry the stolen property away and received some of the property. There was further evidence that the premises of Keith were searched, and about 100 yards from his house was found a large quantity of lard, sugar, meat, and canned fruit. There was a pathway leading from the house to the cache, where the property was found. Appellant was not at home at the time. Appellant denied all knowledge or participation in the crime, and his evidence was corroborated by his codefendants in the indictment.

The first ground urged for a reversal is that the search of appellant's premises in his absence and without a search warrant was illegal, and all the evidence thereby obtained was inadmissible. We need go no further than to say that there was no objection to the evidence, and the error, if any, is not available on appeal.

The further point is made that there was no corroboration of the evidence of Millard Evans as required by the Criminal Code of Practice (section 241), and the court, instead of submitting the question of accomplice to the jury, should have held as a matter of law that Evans was an accomplice and have directed an acquittal. All who participate in the commission of a crime as principals, aiders, and abetters, or accessories before the fact, are accomplices. Wilson v. Commonwealth, 255 Ky. 632, 75 S. W. (2d) 202. But the term "accomplice" does not include an accessory after the fact. Montjoy v. Commonwealth, 262 Ky. 426, 90 S. W. (2d) 362. If it had been shown that Evans suggested the breaking or conspired with the others to do the breaking, a differ-

.808

ent situation would have been presented. Grady v. Commonwealth, 237 Ky. 156, 35 S. W. (2d) 12. Evans testified that he did not take part in the breaking, or agree to go with the others, or actually go with them for the purpose of breaking into the meathouse. All that he did was to go to the Miller premises after the meathouse was broken into and receive a portion of the property after it had been taken from the meathouse. Under this evidence it was for the jury to say whether or not they believed Evans, and if they did believe him he was not an accomplice but only an accessory after the fact. It follows that appellant was not entitled to a peremptory instruction.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.