## Wilson v. Commonwealth.

November 1, 1946.

J. C. Bird for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Dorman Wilson appeals from a two year sentence for feloniously breaking into a dwelling house and stealing a pistol. KRS 433.180.

The house of Renfro Lovett in Whitley City was forcibly entered during one evening in February, 1946, while he and his family were absent. A pistol was stolen. Among other circumstances tending to prove the appellant guilty was his possession and pawning of the pistol that night to Jeff Crabtree in Whitley City. The defendant denied the charge, and testified that he had bought the pistol from Orville Thomas, alias "Wormy."

It is argued that the court committed error in denying the defendant a retrial on the ground of newly discovered evidence. That is recorded in a number of affidavits reciting specific instances of theft or alleged theft of various articles by Thomas and that he has the reputation of being a thief. In contradiction of the defendant's statement that he had not known these facts at the time of the trial, counter-affidavits were filed to the effect that the defendant had known Thomas and his family quite well and had had sufficient information to enable him to have seasonably offered the testimony. Quite naturally, the Commonwealth submits that the testimony

would have been incompetent and, therefore, inadmissible. We agree. It is true that a person charged with a crime may establish his innocence by showing that another person committed it without his aid or participation, but he cannot exonerate himself by proving that another had committed similar crimes and had a bad reputation. In Bowman v. Commonwealth, 7 Ky. Op. 656, it was held that the trial court had properly rejected testimony that a third person had impliedly admitted the crime of which the defendant was accused by failing to deny an accusation. A fortiori this newly discovered evidence would have been irrelevant and incompetent so the court properly denied a new trial.

It is further argued that the defendant was entitled to a concrete instruction submitting his defense, namely, that he had acquired possession of the stolen articles from another. A concrete instruction is never warranted except where the accused admits the act and seeks to excuse or justify its commission so that the criminal element is extracted and legal responsibility avoided. Frazier v. Commonwealth, 291 Ky. 467, 165 S. W. 2d 33. In the present case the defendant did not admit or confess in any degree the crime charged, namely, breaking into a dwelling house and stealing. Receiving or possessing stolen property is not a degree of the crime charged. Evidence thereof raises such a strong presumption of guilt of the primary offense that it is deemed prima facie evidence of guilt thereof. Clark v. Commonwealth, 288 Ky. 845, 157 S. W. 2d 485; Wheeler v. Commonwealth, 295 Ky. 28, 173 S. W. 2d 817. The fact of possession was merely evidence tending to prove guilt. His claim of having acquired possession of the property innocently was relevant merely as tending to prove the plea of not guilty. Shaw v. Commonwealth, 229 Ky. 412, 17 S. W. 2d 267. In Davenport v. Commonwealth, 285 Ky. 628, 148 S. W. 2d 1054, 1055, we held an instruction that if some person other than the defendant had killed the deceased he should be acquitted was not required. To have given a concrete instruction submitting this item of evidence would have violated the rule against the court directing attention to particular evidence and would have invaded the province of the jury alone to weigh the evidence and determine the fact.

Wherefore the judgment is affirmed.