## Hamm v. Commonwealth.

October 18, 1949.

■■■■■■■■■■■■■■■■

Yancey, Martin & Ockerman for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE KNIGHT—Reversing.

Appellant, Leroy Hamm, was convicted of the crime of knowingly receiving stolen property and his punishment fixed at five years in the penitentiary. From a judgment based on that verdict he prosecutes this appeal. Reversal is asked on two grounds: (1) that the court erred in failing to peremptorily instruct the jury to find appellant not guilty; (2) that the court failed to instruct with reference to the testimony of an accomplice.

On a Saturday night in December 1948, the store of the Sparta Lumber & Manufacturing Company, hereinafter called the Company, was broken into shortly after 10 o'clock p.m. by two boys, Gene Hendren and Frankie Marksberry, each about 14 years of age, and there were stolen therefrom guns, rifles, ammunition, knives, flashlights and other items valued at about $90, most of which were subsequently recovered. The boys confessed their guilt and, being juveniles, their case was heard by the county judge and this record indicates they received probated sentences.

The principal testimony and the only testimony which connects appellant with the crime was that of Gene Hendren who testified in substance that he met appellant at the Kentuckiana Inn in Warsaw on the evening of the robbery; that the two went to the rest room where appellant asked him if he wanted to do a little robbery and upon his agreeing to do so appellant suggested the hardware store of the Company and told him there were some pistols back of the counter he could get; that he could get some other boy to help him in the robbery; that after the store closed Hendren, with his partner Marksberry whom he told of the plan, broke a window in the rear, climbed in and stole the property referred to; that they took the guns, which were part of the stolen property, and hid them under the porch where appellant lived; that

later, about 12 o'clock, Hendren and Marksberry went to a road house called Moon River where they saw appellant who asked them if they got the guns; that he sold one of the flashlights to a man called Smitty for 50c; that he then got into a car with Harry Wilson, Jackie Furnish, Marksberry and appellant and drove to the home of appellant where he told appellant he had hidden the guns under the porch and then went home with his father who was out looking for him.

Frankie Marksberry, whom Hendren got to help him in the robbery but who was not present when Hendren says the robbery was suggested to him by appellant, corroborated the testimony of Hendren as to the commission of the robbery and the subsequent visit to the roadhouse but did not connect appellant with any knowledge of the robbery. He admitted that he and Hendren had broken into Haymon's store about two weeks before this robbery.

This is the only testimony which connects appellant in any way with the robbery or in knowingly receiving the stolen goods. Other testimony in the case concerns the finding of part of the stolen property under appellant's porch where these boys admit they hid it, and that part of it was found at the county fair barn back of the school house.

Clearly if these 14 year old boys committed the crime at the suggestion of appellant and under the promise that he would sell the property and divide the money with them, all were accomplices in the crime. Appellant was not indicted for taking part in the crime itself but for knowingly receiving the stolen property. But in either case they were accomplices and appellant could not be convicted upon the testimony of these accomplices, unless corroborated by other evidence tending to connect him with the commission of the offense. Criminal Code of Practice, Sec. 241. There was no such evidence in this case. Possession of the stolen property by accused had been held sufficient corroboration of the testimony of an accomplice to take the case to the jury but that would not be true under the facts of this case where part of the stolen property was hidden under his porch by the boys who stole it and there is no proof,

except the testimony of the accomplices, that he had any knowledge that the guns were there.

In criminal cases it is, of course, the duty of the trial judge to give the whole law of the case and in failing to give the accomplice instruction authorized by Sec. 241, Criminal Code of Practice, the lower court apparently took the position that appellant and the two boys were not accomplices since he was indicted and tried for receiving stolen property and they were guilty of another offense, that of stealing the property.

Ordinarily one who steals goods is not an accomplice of the person who knowingly receives them. Solomon v. Commonwealth, 208 Ky. 184, 270 S. W. 780. Here the situation is different. According to the testimony of Gene Hendren appellant not only suggested the robbery of the store for the purpose of obtaining the goods but agreed with him that if he would commit the robbery he would sell the goods and divide the money with him, thus showing a conspiracy in which they all participated. On this showing there can be no doubt that Hendren, the boy Marksberry who assisted him and appellant were accomplices. Grady v. Commonwealth, 237 Ky. 156, 35 S. W. 2d 12, Wilson v. Commonwealth, 255 Ky. 632, 75 S. W. 2d 202.

Under the facts in this case we are of the opinion that appellant was entitled to an instruction in compliance with the provisions of Sec. 241 of the Criminal Code of Practice. Hendrickson v. Commonwealth, 235 Ky. 5, 29 S. W. 2d 646, Davis v. Commonwealth, 256 Ky. 423, 76 S. W. 2d 259. If the testimony in another trial is substantially the same as in the first one the court will peremptorily instruct the jury to render a verdict of acquittal under the provisions of Sec. 242 of the Criminal Code of Practice.

Wherefore the judgment is reversed for further proceedings consistent with this opinion.