Erin Robert **RUSSELL**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 11, 1966.

Rehearing Denied July 1, 1966.

John W. Beard, Bratcher, Rummage, Beard & Flaherty, Owensboro, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, Erin Robert Russell, was convicted upon two counts of a three-count indictment, each count alleging that he had knowingly received stolen property as denounced by KRS 433.290. The judgment directed that the two five-year sentences imposed by the jury be served consecutively.

Appellant contends that the trial judge erred in failing to grant him a postponement of the trial. RCr 9.04. In support of this ground he urges that, due to his excessive use of alcoholic beverages, he was neither able to assist his attorney with the preparation of his defense nor to adequately participate in the trial.

■ The indictment was returned on August 11, 1964, and after several postponements the case was set for trial on February 19, 1965. On the latter date the trial judge refused to grant another continuance. The judge observed that appellant was sober, in excellent shape physically and that he had been given ample time to prepare for trial. Aside from this observation, the record justifies the conclusion reached by the trial judge. Appellant's testimony plainly shows that he was alert and that he fully related the events favorable to his defense. The claim that the judge abused his discretion is not supported by the record.

■ Appellant contends there was improper joinder of offenses and that the trial judge erred in overruling his motion seeking a separate trial on each count of the indictment.

RCr 6.18 provides:

"Two or more offenses may be charged in the same information or two or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

Since the offenses stated in the instant indictment are obviously of the same character the foregoing provision of our Criminal Rules clearly permits them to be joined and tried together. Consequently, there is no basis upon which to claim error in this respect. Marcum v. Commonwealth, Ky., 390 S.W.2d 884. Also see Schweinefuss v. Commonwealth, Ky., 395 S.W.2d 370.

■ Appellant urges that the trial judge erred in permitting the Commonwealth to

impeach two of its witnesses. These witnesses, who admitted that they had stolen the goods, testified that appellant had refused to buy them. The trial judge then permitted the Commonwealth to treat them as hostile witnesses and to show they had previously stated to police officers that they had sold some of the stolen goods to the appellant. This procedure was proper since these witnesses had testified positively to the existence of a fact prejudicial to the Commonwealth. McQueen v. Commonwealth, Ky., 393 S.W.2d 787.

It is argued that the constitutional rights of these witnesses were violated as they were under police investigation for a crime at the time they testified and therefore were entitled to have advice of counsel. We need not decide whether the constitutional rights of these witnesses were violated because the fact that they were without counsel did not deprive appellant of any of his legal rights.

Appellant complains that the trial judge did not admonish the jury that the contradictory statements of these witnesses should be considered only for the purpose of impeaching the credibility of their testimony. Appellant did not ask for the admonition and he thereby waived his right to have it given. Brock v. Commonwealth, Ky., 391 S.W.2d 690.

Appellant contends that he was entitled to a directed verdict finding him not guilty. However, there is sufficient evidence to justify the submission of the question of appellant's guilt or innocence to the jury and to sustain the jury's finding. There was testimony that stolen property was found in appellant's home. This fact, when considered in conjunction with other incriminating evidence, constitutes substantial evidence rather than mere suspicion of guilt. Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

Appellant contends that the trial judge erred in refusing to give an accomplice instruction. It is urged that the witnesses who sold the stolen goods to appellant were his accomplices. This contention must be rejected because it is the rule in this state that the thief is not an accomplice of the receiver of stolen goods. Solomon v. Commonwealth, 208 Ky. 184, 270 S.W. 780; Roberson's New Kentucky Criminal Law & Procedure, Section 884, p. 1106. Also see Grady v. Commonwealth, 237 Ky. 156, 35 S.W.2d 12. An accomplice instruction would have been improper.

Appellant urges that the instructions were erroneous in that they failed to include an accomplice instruction, a lesser offense instruction and a specific instruction on his theory of the case. We have heretofore pointed out that the persons who stole the goods were not accomplices of the appellant. This determination resolves the question concerning the necessity of an accomplice instruction.

The Commonwealth's evidence clearly indicated that the fair market value of the stolen goods which appellant received amounted to more than $100 as to each count of the indictment. There was no evidence to refute these valuations. In the circumstances there was no lesser offense involved and the instructions properly submitted the question of whether appellant had knowingly received stolen goods of the value of $100 or more.

The instructions required the jury to find that appellant had knowingly received stolen property worth more than $100 before it could convict him. The instructions obviated the giving of an affirmative instruction to acquit him if the jury believed he had not knowingly received the stolen property. Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240; Shaw v. Commonwealth, 229 Ky. 412, 17 S.W.2d 267.

Appellant insists that it was error to permit the Assistant Commonwealth's Attorney to explain the absence of the Commonwealth's Attorney during the trial. We do not find that the substantial rights of

appellant were prejudiced by this procedure. RCr 9.26.

Appellant urges that his rights were violated when the Assistant Commonwealth's Attorney referred to him as a "fence" in his closing argument to the jury. We believe this reference was permissible under the evidence presented by the prosecution. Hopkins v. Commonwealth, Ky., 298 S.W.2d 695.

We have considered each ground for reversal ably presented by counsel for appellant and find no reversible error in the record.

The judgment is affirmed.