Earnest HOWARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 11, 1980.

Discretionary Review Denied Dec. 9, 1980.

Donna B. Proctor, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, VANCE and WILHOIT, JJ.

VANCE, Judge.

Appellant was convicted of the offense of theft by unlawful taking and also convicted as a first–degree persistent felony offender. His punishment was fixed at ten years imprisonment.

■ He raises two alleged errors relating to his conviction of the charge of unlawful taking. First, he contends the trial judge in selecting the jury followed the procedure condemned in *Allen v. Commonwealth*, Ky. App., 596 S.W.2d 21 (1979). Appellant offered no objection to the jury selection procedure and consequently the issue is not preserved for review. *Moore v. Commonwealth*, Ky.App., 597 S.W.2d 155 (1979).

Next appellant contends that he was erroneously denied an instruction on "claim of right". KRS 514.020 provides that it is a defense to prosecution for theft that the defendant acted under a claim of right to the property or a claim that he had a right to dispose of it as he did.

■ "Claim of right" is an affirmative defense invoked only when a defendant admits the act charged and seeks to justify its commission so as to show a lack of criminal intent. *See Wilson v. Commonwealth*, 303 Ky. 219, 197 S.W.2d 240 (1946).

■ Here, the appellant did not testify, did not admit the acts charged and did not testify that he acted under a claim or right. The only allusion to such a claim in the whole course of the trial came from a police officer and from appellant's brother, both of whom testified that appellant made a statement that some unknown person had told him he could have the stolen property. Those out–of–court statements cannot be the basis for an instruction that appellant actually believed he had a right to the property. He did not even tell the officer or his brother that he believed he had a right to the property and he did not tell the jury that he so believed. We think appellant was not entitled to an instruction on "claim of right".

We note, however, that the trial judge did instruct as follows:

You shall find the defendant guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(a) That in this county on or about the 8th of May, 1979, and before the finding of the indictment herein, the defendant took or exercised control over John Gardner's 1969 Chevrolet automobile.

(b) That in so doing the defendant intended to deprive the owner of his interest in said automobile, and

(c) That in so doing, the defendant knew the automobile was owned by another and was not acting under a claim of right to it or a right to acquire and dispose of it as he did. . . .

The instruction was more favorable to appellant than he was entitled to. We find no error in the instruction prejudicial to appellant.

 Finally, appellant contends the instructions were erroneous because they permitted conviction as a persistent felony offender when service of sentence or discharge from parole on one of the prior felony convictions occurred more than five years prior to the commission of the instant offense.

The statute, KRS 532.080(2)(c), only requires that completion of service of sentence or discharge from probation or parole on any, not each, of the prior convictions shall have occurred within five years of the commission of the instant offense. As we read the plain language of the persistent felony offender statute it is only necessary that the Commonwealth establish that as to any one of the previous felonies the defendant has completed service of sentence or has been discharged from parole within the past five years or has not yet completed his sentence or has not yet been discharged from probation or parole.

The judgment is affirmed.

All concur.