NUMBER 13-03-375-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

CITY OF DONNA, TEXAS,                                         Appellant,

 

                                           v.

 

VICTORIA
PALMS RESORT, INC.,                                Appellee.

 

 

 

                   On appeal from the 93rd
District Court

                           of Hidalgo
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

     Before Chief Justice Valdez and Justices Ya_ez and Castillo

                  Memorandum Opinion by Justice Castillo

 








This is an accelerated
appeal filed by the City of Donna after the trial court denied its plea to the
jurisdiction.  The case stems from a
dispute between the City of Donna, Texas ("the City") and Victoria Palms
Resort, Inc. regarding the calculation of water and sewer service to Victoria
Palms' facilities.[1]  We reverse and remand in part.  We affirm in part.

I.  Background

Victoria Palms is
located within the corporate city limits of and receives water and sewer
service from the City.  On March 10,
2003, Victoria Palms commissioned a test to be performed on the water meter
used by the City to calculate billings for water and sewer service.  According to Victoria Palms, the field test
indicated that the City's water meter registered 141 percent of the actual
volume of water passing through the system. 
Victoria Palms estimates the overpayment during the two years previous
to that time at approximately $200,000. 
In April 2003, the City installed a new water meter.  Victoria Palms claims that the water and
sewage billings decreased by 80 percent compared to the same time periods for
the two years previous to the meter replacement.  Victoria Palms requested that the City
recalculate the water and sewage bills it paid prior to the meter replacement
and offered to pay monthly billings based on the new water and sewer billings
if the City agreed not to terminate its service.  The City denied the request and demanded
payment for unpaid overcharges amounting to approximately $97,500, plus
interest.  The City additionally
threatened to terminate service.








Victoria Palms sought
relief from the district court (1) alleging deceptive trade practices,[2]
(2) alleging breach of contract, (3) alleging violations of the Texas Water
Code, and (4) asking that the City be prevented from discontinuing water and
sewer service to Victoria Palms.  The
City filed a plea to the jurisdiction, alleging that the Texas Commission for
Environmental Quality (the "TCEQ") rather than the trial court had
jurisdiction to hear the matter.  The
court denied the City's plea to the jurisdiction and additionally granted a
temporary injunction enjoining the City from terminating service, provided that
Victoria Palms paid 75 percent of the amount outstanding.  The City filed an interlocutory appeal
regarding the plea to the jurisdiction. 
The trial court's injunction against the City later expired by operation
of law.  

On June 27, 2003, the
City terminated its service.  Victoria
Palms then filed an application for emergency relief with the TCEQ.  The TCEQ granted the application and later
extended the order for an additional 150 days. 
Victoria Palms then filed a petition for review with the TCEQ, asking
the commission to review the dispute. 
The City later filed a motion to dismiss the proceeding, which the TCEQ
granted on May 14, 2004.  The TCEQ
specifically found that it had no jurisdiction to review the billing or sewer
rate disputes between Victoria Palms and the City.  Victoria Palms filed a motion for rehearing
which was overruled by operation of law on July 5, 2004.  Victoria Palms then filed an administrative
appeal which was dismissed, effectively making the TCEQ's order final.








We turn to the City's
interlocutory appeal of the denial of its plea to the jurisdiction.  

II.  Standard of Review








This appeal is strictly limited to our review of the
trial court's ruling on the plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(8) (Vernon Supp. 2004-05).  A
plea to the jurisdiction is the vehicle by which a party contests the trial
court's authority to determine the subject matter of the cause of action.  State v. Benavides, 772 S.W.2d 271,
273 (Tex. App.BCorpus Christi 1989, writ denied).       The plaintiff bears the burden of alleging
facts affirmatively demonstrating the trial court's jurisdiction to hear a
case.  Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Mission Consol. Indep.
Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.BCorpus Christi 2001, no pet.).  A trial court must not weigh the merits of
the case, but instead consider only the pleadings and evidence pertinent to the
jurisdictional question.  County of
Cameron v. Brown, 800 S.W.3d 549, 554-55 (Tex. 2002) (citing Tex.
Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex.
2001)).  In doing so, the trial court
must construe the plaintiff's pleadings liberally in favor of jurisdiction, Peek
v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989), and must take all
factual allegations pled as true, unless the defendant pleads and proves that
the allegations were fraudulently made in order to confer jurisdiction.  Cont. Coffee Prods. Co. v. Cazarez,
937 S.W.2d 444, 449 (Tex. 1996).  If
a plaintiff pleads facts that affirmatively demonstrate an absence of
jurisdiction and such defect is incurable, immediate dismissal of the case is
proper.  Peek, 779 S.W.2d at
804-05; City of Austin v. L.S. Ranch, 970 S.W.2d 750, 753 (Tex. App.BAustin 1998, no pet.).  However, the mere failure of a petition to
state a cause of action does not show a want of jurisdiction in the court.  Bybee v. Fireman's Fund Ins. Co., 331
S.W.2d 910, 917 (1960).  If the
plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction,
but do not affirmatively show incurable defects in jurisdiction, the proper
remedy is to allow the plaintiff an opportunity to amend before dismissing.  Brown, 80 S.W.3d at 545-55; Peek,
779 S.W.2d at 804-05.  On appeal, because
the question of subject matter jurisdiction is a legal question, we review the
trial court's ruling on a plea to the jurisdiction under a de novo standard of
review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998).  To
determine whether the plaintiff has affirmatively demonstrated the court's
jurisdiction to hear the case, we consider the facts alleged by the plaintiff,
and to the extent it is relevant to the jurisdictional issue, the evidence
submitted by the parties.  White,
46 S.W.3d at 868.  Like the trial court,
we must construe the pleadings in the plaintiff's favor and look to the
pleader's intent.  Brown, 80
S.W.3d at 545-55.  Our task is not to
determine the merits of the case but rather to examine the petition, taking as
true the facts pled, and determine whether those facts support jurisdiction in
the trial court.  Baston v. City of
Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.BCorpus
Christi 2001, pet. denied).

III.  Issue
Presented

By one issue the City
appeals the trial court's denial of the City's plea to the 








jurisdiction.  The City argues that exclusive jurisdiction
over this dispute lies with the Texas Commission on Environmental Quality.  

A.  Victoria Palms' Claims

By its petition,
Victoria Palms alleges the following causes of action as against  the City of Donna:  (1) deceptive trade practices; (2) breach of
contract; and (3) violations of the Texas Water Code.  Victoria Palms bases these allegations on the
City's (1) refusal to credit Victoria Palms with the amount of alleged
overcharges for the alleged incorrect billing for water and sewer charges, and
(2) threat to disconnect water service. 
In its petition, Victoria Palms prays for (1) a temporary injunction
against the City, preventing the City from shutting off its water and sewage
services, (2) a declaratory judgment that the charges by the City for water and
sewer service are unreasonable, or in the alternative, are unreasonable in
their application, (3) actual damages, (4) pre- and post-judgment interest, (5)
attorney fees, (6) costs of court, (7) such other relief in law or equity to
which it may be entitled.  

B.  The City's Motion to Strike a Portion of
Victoria Palms' Evidence

Additionally we note
that the City filed a motion to strike a portion of Victoria Palms'
evidence.  Victoria Palms included
exhibit B, entitled "Victoria Palms Resort, Inc.'s Petition for
Review" in its appellate brief, though the exhibit was not included in
either the reporter's record or the clerk's record below.  The appellate record includes the reporter's
record and the clerk's record.  See Tex. R. App. P. 34.1.  As
exhibit B did not comprise part of either the reporter's record or the clerk's
record at the trial court level, we sustain the City's motion to strike the
evidence.  








C.  Victoria Palms' Claims under the Water Code

1.  Applicable Law

The Texas Water Code,
section thirteen, was adopted to 
"protect the public 








interest inherent in
the rates and services of retail public utilities."  Tex.
Water Code Ann. ' 13.001(a) (Vernon
2000).  The purpose of section thirteen
was "to establish a comprehensive regulatory system that is adequate to
the task of regulating retail public utilities to assure rates, operations, and
services that are just and reasonable to the consumers and to the retail public
utilities.  Id. at ' 13.001(c) (Vernon
2000).  Section 13.042 states that the
governing body of each municipality has exclusive original jurisdiction over
all water and sewer utility rates, operations, and services[3]
provided by a water and sewer utility within its corporate limits.  See id. at ' 13.042(a) (Vernon
2000).  When the legislature vests
exclusive jurisdiction in an agency, exhaustion of administrative remedies is
required before a party may seek judicial review of an agency's action.  See City of Galveston v. Flagship Hotel,
Ltd., 73 S.W.3d 422, 427 (Tex. App.BHouston [1st] 2002,
pet. denied).  Section 13.250 provides
for the discontinuance of service based on nonpayment of charges for
services.  Id. at ' 13.250(b)(1) (Vernon
2000).  The code further states that
"the commission"[4]
shall have exclusive appellate jurisdiction to review orders or ordinances of
those municipalities as provided in chapter thirteen.  See id. ' 13.042(d) (Vernon 2000).  According to the code, an "order"
of the municipality is "the whole or part of the final disposition,
whether affirmative, negative, injunctive, or declaratory in form, of the
regulatory authority in a matter other than rulemaking."  Id. ' 13.002(14) (Vernon 2000).  "Regulatory authority" means, in
accordance with the context in which it is found, either the commission or the
governing body of a municipality.  Id.
' 13.002(18). 








Our primary objective when construing a statute is
to ascertain and give effect to the Legislature's intent.  See McIntyre v. Ramirez, 109 S.W.3d
741, 745 (Tex. 2003); Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000).  In discerning that intent, we begin with the
plain and common meaning of the statute's words.  McIntyre, 109 S.W.3d at 745.  In construing a statute, a court may consider the
(1) object sought to be obtained; (2) circumstances under which the statute was
enacted; (3) legislative history; (4) common law or former statutory
provisions, including laws on the same or similar subjects; (5) consequences of
a particular construction; (6) administrative construction of the statute; and
(7) title (caption), preamble, and emergency provision.  Tex.
Gov't Code Ann. ' 311.023 (Vernon
1998).  We must read the statute as a
whole and not just isolated portions.  See
City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003).  If the statutory language is unambiguous, we
must interpret it according to its terms, giving meaning to the language
consistent with other provisions in the statute.  See McIntyre, 109 S.W.3d at 745.  Additionally, if the statutory text is
unambiguous, a court must adopt the interpretation supported by the statute's
plain language unless that interpretation would lead to absurd results.  Tex. Dep't of Protective & Regulatory
Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004).  We presume that the Legislature would not do
a useless act.  Webb County Appraisal
District v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex. 1990).  Thus, we are also mindful that an agency will
have exclusive jurisdiction only when a pervasive regulatory scheme indicates
that the Legislature intended for the regulatory process to be the exclusive
means of remedying the problem to which the regulation is addressed.  See Subaru of Am., Inc. v. David McDavid
Nissan, 84 S.W.3d 212, 221 (Tex. 2002). 
If an administrative agency has exclusive jurisdiction, a party must
exhaust all administrative remedies before seeking review of the agency's
action.  Cash Am. Int'l, Inc. v.
Bennett, 35 S.W.2d 12, 15 (Tex. 2000). 
Until the party has exhausted all administrative remedies, a trial court
lacks subject matter jurisdiction and must dismiss any claim within the
agency's exclusive jurisdiction.  Tex.
Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90
(Tex. 1992).  

2.  Analysis








Under the water code,
the governing municipality, here the City, has exclusive jurisdiction over all
water and sewer utility rates, operations, and services.  See Tex.
Water Code Ann. ' 13.042(a).  The City's refusal to credit Victoria Palms
with the amount of alleged overcharges constitutes a whole or part of a final
disposition of the City, other than rulemaking; that decision therefore
constitutes an order under the water code. 
Id. at 13.002(14). 
The TCEQ has exclusive appellate jurisdiction to review orders or
ordinances of the City.  See id.
at ' 13.042(d); Flagship
Hotel, Ltd., 73 S.W.3d at 427 (concluding that the TNRCC[5]
had exclusive appellate jurisdiction over the City's final disposition of a
dispute between the City and a hotel over shutting off water service due to
non-payment on account).  If an agency
has exclusive jurisdiction, a party must exhaust all administrative remedies
before seeking review of the agency's action.  In re Entergy Corp., 142 S.W.3d 316, 322
(Tex. 2004) (citing Bennett, 35 S.W.3d at 15).  The trial court lacks subject matter
jurisdiction and must dismiss any claim within the agency's exclusive
jurisdiction.  See id. (citing
David McDavid Nissan, 84 S.W.3d at 221); Cypress‑Fairbanks Indep.
Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992). 
As Victoria Palms does not allege that it has exhausted its
administrative remedies with the TCEQ, we conclude that the trial court lacks jurisdiction
over Victoria Palms' claims under the water code.  See id. 
Therefore, we reverse the denial of the City's plea to the jurisdiction
as to Victoria's Palms claims under the water code.  

B.  Victoria Palms' Additional Claims








We now consider
Victoria Palms' claims of DTPA violations and breach of contract.  Victoria Palms' petition states that the
trial court has jurisdiction over the subject matter of the case because the
amount in controversy exceeds the trial court's minimum jurisdictional
requirements.  The City has not directed
us to, nor have we found any law suggesting that the TCEQ has exclusive
jurisdiction to adjudicate these claims. 
See Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d at 90.  We find that the TCEQ does not have
jurisdiction over Victoria Palms' claims for deceptive trade practices and
breach of contract.[6]  Therefore we affirm that portion of the order
denying the City's plea to the jurisdiction as to Victoria Palms' claims for
deceptive trade practices and breach of contract.

IV.  Conclusion

We reverse and remand
the portion of the order denying the City's plea to the jurisdiction as to
Victoria Palms' claims under the water code. 
We affirm the portion of the order denying the City's plea to the
jurisdiction as to Victoria Palms' claims under the DTPA and for breach of
contract.  See Nabejas v. Texas Dep't
of Pub. Safety, 972 S.W.2d 875, 877 (Tex. App.BCorpus Christi 1998,
no pet.). 

 

ERRLINDA CASTILLO

Justice

 








Memorandum Opinion delivered and filed 

this the 4th day of August, 2005.

 

 











[1]
Victoria Palms owns and operates a mobile home park, Howard Johnson Hotel,
conference center, and recreation and convention facilities within the
corporate limits of the City of Donna.  





[2] See Tex. Bus.
& Com. Code Ann.
''
17.01-.854 (Vernon 2002 & Supp. 2004-05). 
Victoria Palms' petition does not state which section of the DTPA it
relies upon.





[3] The
code defines "services" in part, as "any act performed, anything
furnished or supplied, and any facilities or lines committed or used by a
retail public utility in the performance of its duties under this chapter . . .
."  Tex. Water Code Ann.
'
13.002(21) (Vernon 2000). 





[4] The
code defines "commission" as referring to the Texas Natural Resource
Conservation Commission, now known as the Texas Commission on Environmental
Quality ("TCEQ"). 





[5]
Again, the TNRCC is now referred to at the TCEQ.





[6] We
note that appellant City's sole issue on appeal is "whether the trial
court erred in denying the City's plea to the jurisdiction because exclusive
jurisdiction over this dispute lies with the TCEQ." (Emphasis
added).  Although the City points out in
its reply brief on appeal that Victoria Palms did not allege that consent to
the suit had been given, and hence sovereign immunity bars suit against it,
this issue is not properly before us on appeal. 
See Tex. R. App. P. 38.1(e) (stating that the appellant's
brief (as opposed to the appellant's reply brief) must state
concisely all issues or points presented for review); Tex. R. App. P. 38.3 (stating that the appellant may file a reply
brief addressing any matter in the appellee's brief) (emphasis
added).  As we are limited to deciding
those issues properly before us, we do not address the issue of the City's
sovereign immunity and its effect on Victoria Palms' claims for deceptive trade
practices and breach of contract.  Cf.
Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex.
2004).